LESTER MANNING STRONG V. STATE OF NEBRASKA.

FILED JANUARY 8, 1902. No. 11,918.

1. **Confession: Evidence: Threat: Promise: Benefit: Deputy Warden: Prisoner.** The true test of the admissibility of a confession is whether there is a causal relation between it and any threat or promise with respect to the crime charged, made by a person having authority over either the prosecution or the prisoner. So, where the deputy warden of the penitentiary instructed a prisoner as to the advantages to be gained by obedi-

ence to the prison rules and commands of his superiors, but did not suggest or intimate that any benefit might result from an admission of guilt, it was properly ruled that evidence of a confession was admissible.

2. **Charge to Jury:** DEGREES OF CRIME. The court, in charging the jury, is only required to state the law applicable to the facts proved and those which the evidence tends to prove. So, where it is conclusively shown that the defendant either committed the crime charged or is entirely innocent, the failure to instruct with respect to other crimes, or inferior degrees of the crime, embraced within the facts alleged in the information, is not error.

3. **Evidence:** VERDICT. The evidence in this case examined, and *held* to sustain the verdict.

4. **Jurors:** CHALLENGE TO ARRAY. A challenge to the array or motion to quash the panel of jurors must be in writing, and should point out definitely the grounds relied upon.

5. **False Testimony.** An instruction laying down the proposition that false testimony, whether given corruptly or through mistake, should not influence the decision, is abstractly correct, and was, in this case, properly given.

ERROR from the district court for Buffalɪ ʕʌ-anty. Tried below before SULLIVAN, J. *Affirmed.*

*Hamer & Hamer, Richard A. Moore* and *Hector M. Sinclair,* for plaintiff in error.

*Frank N. Prout, Attorney General,* and *Norris Brown, Deputy,* for the state.

Argued orally by *Francis G. Hamer* and *Sinclair,* for plaintiff in error; by *Brown,* for the state.

SULLIVAN, J.

Upon an information charging an assault with intent to commit a rape, the defendant, Lester Manning Strong, was tried, found guilty and sentenced to imprisonment for a period of seven years. This court reviewed the proceedings and reversed the sentence. The case was then tried a second time and the defendant was again convicted.

The deputy warden of the penitentiary testified, over de-

fendant's objection, to a confession of guilt made by Strong to him. It is claimed that the reception of this evidence was error, because the confession was made in the penitentiary under the influence of a hope of advantage engendered by the witness in the mind of the prisoner. The language of the defendant given in evidence as an admission of guilt was used in replying to a question propounded by the deputy warden at the conclusion of an interview in which he had said to defendant that it would be to his advantage to obey the rules of the prison, and do whatever was required of him. The question was, in substance, whether the defendant was guilty of the crime for which he had been sentenced. The law in relation to the admissibility of confessions as evidence of guilt is well understood, but its application to particular facts is not always free from difficulty. The true test of the admissibility of a confession is whether there is a causal relation between it and any threat or promise with respect to the crime charged, made by a person having authority over either the prosecution or the prisoner. If there is such a relation, the evidence should be excluded; but, if there is not, it should be received. 3 Russell, Crimes [6th ed.], 478; 1 Greenleaf, Evidence [15th ed.], sec. 219; 1 Bishop, New Criminal Procedure, sec. 1217; 2 Taylor, Evidence [9th ed.], 872; Wharton, Criminal Evidence [8th ed.], sec. 631; *Wilson v. United States,* 162 U. S., 613; *Hopt v. Utah,* 110 U. S., 574; *Pierce v. United States,* 160 U. S., 355. The application of this test to the facts here presented, makes it plain that the ruling of the trial court should be approved. The thought clearly expressed by the deputy warden was that it would be to defendant's advantage to obey the prison rules and the commands of his superiors touching his conduct in the prison. There was no suggestion or intimation that anything was to be gained by a confession, and we can not think it possible that the defendant expected or hoped to promote his interests in any way by an admission of guilt. The evidence was therefore properly received, and it was the duty of the jury to consider it. The question

decided by the presiding judge was a question of law and it was not the province of the jury to revise his decision.

At the conclusion of the arguments, counsel for defendant requested the court to charge the jury as follows: "Under the information you can find the defendant guilty of a simple assault, and if you find beyond a reasonable doubt that the defendant unlawfully assaulted the prosecutrix, but you are in doubt as to whether he intended to use all the force necessary to overcome her resistance, you will find him guilty of an assault, and not guilty of an assault with intent to commit rape as charged." The court refused the request, and, in our judgment, the refusal was right. We need not determine whether it is, under any circumstances, the duty of a trial court, in other than homicide cases, to instruct the jury upon every crime, or upon the different degrees of a crime, embraced within the facts stated in the information. In *Conners v. State,* 47 Wis., 523, 2 N. W. Rep., 1143, it was held that a refusal to instruct as to minor offenses or inferior degrees of the crime charged was not, in a legal sense, prejudicial to the defendant; but probably the weight of authority is the other way. 1 Bishop, Criminal Procedure, sec. 980; 11 Ency. Pl. & Pr., 211. In the present case the instruction requested was properly refused because there was no evidence to which it was applicable. *Fager v. State,* 49 Nebr., 439; *State v. Robb,* 90 Mo., 30, 2 S. W. Rep., 1. The prosecutrix, Caroline Hansen, was, beyond all question, the victim of a felonious assault. She was decoyed to a secluded place in the night time by an unknown man, who, in an effort to have sexual intercourse with her, knocked her down three times, tore her clothing, beat and bruised her in a brutal manner, and threatened to kill her if she continued to resist him. The case was tried in the district court, and is presented here by the defendant upon two logically incompatible theories. He maintains: (1) that he did not assault the prosecutrix, and was not at or near the place where the crime was committed; but (2) that, if he was the person who committed the assault, he did not intend to use the ex-

treme degree of force necessary to make the act a felony; in other words, that his passions were in leash, and his purpose so tempered with prudence that he paused at the dividing line between common and felonious assaults, and did not go beyond it. Unfortunately for Mr. Strong, his conduct—assuming that he was the person who assaulted the prosecutrix—will not warrant the construction which he asks us to place upon it. His acts and declarations, as they appear before us in this record, are not equivocal. They admit of but one translation, and that is that the object of the assault was to ravish by the exertion of whatever force might be necessary for that purpose. The defendant is clearly guilty of a felonious assault, or he is entirely innocent; and, as Commissioner RYAN remarked in *Fager v. State, supra,* the rejected instruction "could have subserved no purpose except to suggest a compromise verdict, —an alternative which juries are, perhaps, sufficiently prone to adopt without suggestion." We are asked to reverse the sentence on the ground that the verdict is not supported by sufficient evidence, but we decline to do so. We are well satisfied that the jury reached a right conclusion.

Defendant's challenge to the array was properly overruled on the merits, and for technical reasons as well. The challenge or motion to quash the panel should have been in writing, and should have pointed out with a reasonable degree of definiteness the grounds relied upon. A general objection, made orally, when the case is called for trial, and the jury in the box, is not, under the established practice, entitled to consideration. *Ryder v. People,* 38 Mich., 269; *State v. Taylor,* 134 Mo., 109; *People v. Brown,* 48 Cal., 253.

In the eighth paragraph of the charge the court said to the jury: "You should consider all the evidence in the case; and while it is your duty to reconcile, if possible, the testimony of all the witnesses in the case, you are not bound to believe anything to be a fact because a witness has stated it to be so, provided the testimony of such witness is uncorroborated, and you believe from all the evidence that

such witness is mistaken, or has intentionally misstated the facts." This instruction is severely criticised, but we think the criticism unmerited. It merely lays down the proposition—which we suppose no one questions—that false testimony, whether given corruptly or through mistake, should not influence the decision. We have examined the other rulings complained of and find them to be free from error.

The judgment is

AFFIRMED.