ADOLPH KOTOUC v. STATE OF NEBRASKA.

FILED MAY 15, 1920.   No. 21069.

1. **Rape: CORROBORATIVE EVIDENCE.** In a prosecution for rape, the corroboration of prosecutrix may consist of circumstantial evidence.

2. ——: ——: **SUBSEQUENT ACTS.** "In the prosecution of a charge for rape upon a female child under the age of consent, testimony of subsequent acts of illicit intercourse, related in time to the offense charged, is admissible as corroborative evidence of the principal fact sought to be established." *Woodruff v. State*, 72 Neb. 815.

3. ——: ——. In the prosecution for the rape of an orphan 14 years of age, testimony of a search which her brothers made for her, while she was absent from her former home awaiting accouchement, *held* admissible to corroborate her story of the felony.

ERROR to the district court for Saline county: RALPH D. BROWN, JUDGE. *Affirmed: Sentence reduced.*

*Bartos & Bartos*, for plaintiff in error.

*Clarence A. Davis, Attorney General*, and *C. L. Dort*, contra.

ROSE, J.

In a prosecution by the state in the district court for Saline county, Adolph Kotouc, defendant, age 23, was convicted of rape upon a child 14 years old, and for that felony was sentenced to serve a term of 7 years in the penitentiary. As plaintiff in error here, defendant below presents for review the record of his conviction.

The principal assignment of error is the insufficiency of the evidence to sustain the verdict. The argument under this head is based on the proposition that the proof of defendant's guilt as disclosed by the testimony of prosecutrix is without corroboration. The scene of the felony charged was a farmhouse in Saline county where John Kotouc, a widower about 80 years

Kotouc v. State.

of age, and his unmarried daughter, about 50 years of age, made their home. This was also the home of prosecutrix from the time she became an orphan at the age of 6 until she disappeared when pregnant at the age of 14. Continuously for 3 years before her departure, defendant shared with her the same home, eating at the same table, sleeping in an adjoining room on the second floor of the farmhouse, and working the farm for John Kotouc, who was defendant's grandfather. Prosecutrix testified directly, in substance, that defendant, as charged in the information, assaulted her in her room August 21, 1917; that she became pregnant; that, by pre-arrangement between defendant and his attorney, defendant took her to Wilber February 12, 1918, from whence she was to go to Lincoln and to return after her trouble was over; that defendant's attorney took her by train from Wilber to Lincoln; that there they went to the home of Edith Wixson, where prosecutrix remained about two months; that from Wixson's prosecutrix went to the Lincoln Sanitarium, where her child was born May 21, 1918; that she afterward returned to Wixson's; that defendant's attorney left Edith Wixson a check for $25; that prosecutrix never paid Edith Wixson anything and never paid any railroad or bus fare or hospital bill or any other expense connected with her accouchement.

If prosecutrix told the truth, defendant committed the felony charged in the information. Is there any corroboration? Her age and the birth of her child three years before she could consent to sexual intercourse are shown beyond question without considering a word of her testimony. That she was the victim of a rape is therefore thus conclusively established. By evidence other than her own it is also shown: Prosecutrix and defendant lived under the same roof for nearly three years before she became pregnant. They saw each other on the second floor of the house, where their bedrooms adjoined; in the dining room, where they ate at the same

table; at the barn, where their duties took them. In conversation they indulged in ordinary pleasantries. The only other members of the household were defendant's grandfather and his aunt, whose domestic affairs frequently called them out of the farmhouse. The commission of a rape and the opportunity of defendant to commit it are therefore proved without the testimony of prosecutrix. Independently of her testimony, it is further shown that she was far advanced in pregnancy when defendant took her to Wilber and left her there. In like manner it is further shown that she did not return to her former home, but without delay appeared at Wixson's in company with an attorney who undertook the defense of defendant upon his arrest on the charge of rape. Defendant himself testified that the only trip he ever took with prosecutrix was the one resulting in his leaving her at Wilber, and that two weeks later he moved from his grandfather's to another farm. Outside of complainant's story there is proof of these facts: Prosecutrix had a number of brothers who missed her. After she had been gone for some time two of them began a search for her. They went to the home she had left and asked John Kotouc what had become of her. He gave them no information, but referred them to defendant. They went to the latter and made similar inquiry for information, which he refused to give, saying, among other things, that he had no knowledge of her whereabouts, and that her failure to return after he had left her at Wilber was the responsibility of his grandfather. The inference that this indifference to her fate, under all the circumstances in evidence, in view of former associations and of her disappearance upon leaving defendant at Wilber, is inconsistent with ignorant innocence of her pregnancy and whereabouts would naturally and properly arise in the minds of the jurors. Such a deduction may reasonably be drawn notwithstanding an explanation by defendant, while on the witness-stand, that he took prosecutrix to a dentist at Wilber and left her with the understanding

·that she would visit with friends in town for a few days and return to her home.

The brothers finally appealed to the sheriff for assistance in their search, and he went with them to the attorney who had taken their sister to Lincoln. It was from this attorney, who subsequently appeared for defendant upon his arrest, that her address was procured. Since prosecutrix was a child under 15 years of age when defendant took her to Wilber and left her there in the family way, the trip, in connection with other circumstances disclosed independently of her testimony, gives rise to a reasonable inference that it had some connection with a prearranged plan to extend her journey to Lincoln, taking into consideration the promptness with which she arrived there and the facility with which she was concealed and protected. Corroborating evidence of the principal fact may be unnecessary. *Hammond v. State*, 39 Neb. 252. Corroboration may consist of circumstantial evidence, and in the present case is sufficient.

The next assignment of error is directed to the admission of testimony that defendant on later dates repeated the offense. This proof was admissible under the following rule:

"In the prosecution of a charge for rape upon a female child under the age of consent, testimony of subsequent acts of illicit intercourse, related in time to the offense charged, is admissible as corroborative evidence of the principal fact sought to be established." *Woodruff v. State*, 72 Neb. 815.

On motion of defendant, however, the testimony relating to subsequent acts was stricken out, and the jury were directed to disregard it under circumstances clearly showing that defendant was not prejudiced by its admission, without regard to the question of error in the first instance.

An additional assignment of error challenges testimony relating to the search that the two brothers of

prosecutrix made to find her. Testimony of this nature was properly admitted. Prosecutrix had testified that by prearrangement of defendant and his attorney defendant took her to Wilber and left her there as part of a secret plan to send her to Lincoln, to have her remain there during her accouchement and to have her return after her trouble was over. The testimony assailed tended to corroborate her story of this secret arrangement and to throw some light on defendant's connection therewith and participation therein.

The final assignment of error is directed to a ruling excluding from the evidence the complaint resulting in the preliminary hearing. Prosecutrix did not sign or verify this complaint, and there was clearly no error in excluding it.

No error has been found in the proceedings.

PER CURIAM. Defendant is young and appears to be industrious. Under all the circumstances, the court is convinced that a shorter sentence than that imposed will subserve the ends of justice. The term of penal servitude is reduced to three years, and as thus modified the judgment of the district court is affirmed.

AFFIRMED: SENTENCE REDUCED.

FLANSBURG, J., not sitting.