Tasich v. State.

---

JOHN TASICH V. STATE OF NEBRASKA.

FILED JULY 13, 1923.   No. 23160.

1. **Criminal Law:** SEPARATE OFFENSES. Section 9553. Comp. St. 1922, defines several distinct independent offenses of equal rank, no one of which is embraced within the other.

2. ———: INSTRUCTIONS. Under an information charging defendant with shooting with intent to kill, it is error to instruct the jury that this offense includes the lesser offense of shooting with intent to wound or of assaulting with intent to inflict a great bodily injury.

3. ———: CONVICTION. Under an information charging defendant with shooting another person with intent to kill, such defendant cannot be convicted of an assault with intent to do a great bodily harm.

ERROR to the district court for Douglas county: CHARLES LESLIE, JUDGE. *Reversed.*

*Jamieson, O'Sullivan & Southard, Richard J. Organ* and *John T. Marcell,* for plaintiff in error.

*O. S. Spillman, Attorney General,* and *Lee Basye, contra.*

Heard before MORRISSEY, C. J., ROSE and GOOD, JJ., BLACKLEDGE, COLBY and REDICK, District Judges.

COLBY, District Judge.

The defendant was tried and convicted in the district court for Douglas county upon an information in which he was charged with maliciously shooting with intent to kill, the charging part of the information being as follows: "That on or about the 22d day of March, in the year of our Lord one thousand nine hundred twenty-two, John Tasich and Joe Tasich, late of the county of Douglas aforesaid, in the county of Douglas and state of Nebraska aforesaid, then and there being, then and there being in said county, then and there in and upon one Stella Denie, then and there being, unlawfully, feloniously and maliciously did make an assault and then and there with a certain pistol loaded with gunpowder and leaden bullets, which said pistol they, the said John Tasich and Joe Tasich, then and there in their right hands had and held, her, the said Stella Denie, did shoot with the intent in so doing wilfully, maliciously and feloniously, her, the said Stella Denie, to kill, contrary to the form of the statute," etc.

Defendant was arraigned and plead not guilty to the offense charged in the information, was tried by a jury, and under the instructions of the court the jury found him guilty, their verdict being in the following language: "We, the jury * * * do find the said defendant guilty of assault with intent to do great bodily injury, as charged in the information." Motion for a new trial was overruled and defendant was sentenced to three years in the penitentiary. To reverse these proceedings and the

Tasich v. State.

judgment, the defendant filed his petition in error in this court.

It is plain that the information was brought under section 9553, Comp. St. 1922, which is as follows: "Whoever shall maliciously shoot, stab, cut, or shoot at, any other person with intent to kill, wound, or maim, such person, shall be imprisoned in the penitentiary, not more than twenty years nor less than one year"—charging the defendant with maliciously shooting Stella Denie with intent to kill. This section of the statute clearly contains a number of distinct substantive crimes, no one of which is a part of or embraced within any of the others.

The district court in its instruction No. 5 used this language: "Embraced within the crime of shooting with intent to kill is the lesser offense of shooting with intent to wound. The statute of this state pertaining to the offense of shooting with intent to wound provides: 'Whoever assaults another with intent to inflict a great bodily injury, shall be punished, on conviction thereof,' as provided by law."

Under section 9553 of the statute the offense of shooting with intent to wound is not embraced within the crime of shooting with intent to kill, but each is an independent substantive crime of equal rank. Further, the district court seems to have transferred the offense contained in section 9556 to and made it a part of section 9553, although beyond question the two are entirely distinct and separate.

The instructions substituted the crime of assault with intent to inflict a great bodily injury, as found in section 9556, which is an entirely different and distinct, independent offense, not even embraced in the same section, for the one contained in the information, and thus enabled the jury to find defendant guilty of a crime with which he was not charged and for which he was not on trial.

The sections of the statute under consideration seem to be plain and their language incapable of two con-

structions.  The law appertaining thereto is settled and unequivocal and the proceedings and judgment of the district court are clearly erroneous and should be reversed, and, as the defendant has been in jeopardy, he is entitled to be discharged.

The judgment and proceedings of the district court are reversed and the defendant will be discharged from further prosecution for the offense contained in the information.

REVERSED AND REMANDED.