## ROBERT E. WILLIAMS V. STATE OF NEBRASKA.

FILED MAY 23, 1925. No. 24424.

1. **Criminal Law:** RULINGS: REVIEW. Where misconduct on the part of a juror or attorney is alleged on motion for a new trial, and the question is submitted upon affidavits and decided by the trial court thereon, the ruling of the trial court will not be set aside upon review unless such ruling was clearly wrong.

2. ———: NEW TRIAL: NEWLY DISCOVERED EVIDENCE. A new trial will not ordinarily be granted, overruling the trial court, on the ground of newly discovered cumulative evidence or evidence which is merely impeaching in character.

3. ———: INSTRUCTIONS. If elsewhere in its instructions the court makes it clear that, to convict, the proof on all material points must be enough to convince the jury beyond reasonable doubt, the fact that in one of said instructions it directs that the burden is upon the state to prove all of the elements of the crime, omitting to add "beyond reasonable doubt," is not sufficient to vitiate the verdict.

Williams v. State.

4. ———: ———: INTENT: MOTIVE. An instruction defining intent in a criminal case as follows, " 'Intent' denotes the purpose to use a particular means to effect a certain result, 'motive' being the reason which leads the mind to desire that result," is not erroneous.

5. ———: ———. In the absence of instruction requested to that end, it is not error on the part of the trial court to fail to instruct as to a lesser crime involved in and incident to the greater, as, for instance, larceny in connection with burglary.

6. ———: NEW TRIAL: NEWLY DISCOVERED EVIDENCE: SHOWING. Where an accused asks for a new trial upon ground of newly discovered evidence, he should support his application, not only by his own affidavit to the effect that the existence of such evidence was unknown to him when his trial was in progress, but by similar affidavits on the part of each and all of his attorneys.

7. ———: BILL OF EXCEPTIONS. Affidavits as to newly discovered evidence, or in support of objections to the jurisdiction of the district court, cannot be considered on appeal, unless incorporated in the bill of exceptions.

ERROR to the district court for Nance county: FREDERICK W. BUTTON, JUDGE. *Affirmed.*

*McKenzie, Lower & Sheehan,* for plaintiff in error.

*O. S. Spillman, Attorney General,* and *Lee Basye, contra.*

Heard before ROSE, DEAN, GOOD and EVANS, JJ., REDICK and SHEPHERD, District Judges.

SHEPHERD, District Judge.

Burglary was charged, and incidental larceny. The defendant Robert E. Williams (plaintiff in error here) was convicted, and brings the case to this court, assigning and arguing five errors which may be briefly designated as follows: Misconduct on the part of two of the jurors; misconduct of the assistant prosecuting attorney; erroneous rulings on newly discovered evidence; the erroneous giving of instructions 3 and 3½; failure to instruct on larceny, the crime of lesser degree involved in the burglary charge.

The affidavits in regard to misconduct on the part of the jurymen were not made a part of the bill of exceptions, but appear in the transcript. The affidavit of one Burgess

states that he heard the juryman Nisbet say at the former trial of the case that the defendant was as guilty as he could be and that he would not fool with him a minute. One Sprague says in an affidavit that prior to the trial in which said Nisbet became a juror the latter stated to him that he believed the defendant was guilty, and that if he had been on the jury he would have voted for a conviction. And one Barnett said in an affidavit that he heard the juryman Pearson state during the course of the trial that the Omaha crowd would not get off as easy this time as they did before. All of these affidavits were flatly denied in affidavits made by the said jurors. It appears that the said Barnett, in his affidavit, stated also that during the trial he heard attorney Beebe, who was assisting the prosecution, say in the presence of the said Pearson that certain receipts or statements used in evidence had been tampered with and changed. Both Beebe and Pearson, in separate affidavits made by them, directly and positively deny this.

The trial court decided adversely to the defendant and refused a new trial on account of such alleged misconduct of the jurors and the attorney.

In two of the Nebraska cases cited and relied upon by the plaintiff in error, the fact of the misconduct upon which the court acted was undenied, and in the third of such cases a portion of the facts constituting such misconduct was not denied. In the latter case, *Edney v. Baum,* 44 Neb. 294, Commissioner Irvine used this language: "Almost every affidavit as to misconduct is met by flat contradiction. As to these matters, therefore, we would not disturb the finding of the district court in overruling the motion for new trial. * * * A few facts are, however, established by uncontradicted evidence, and we think require that the judgment be reversed." It is obvious that in the case at bar, where all the charges are specific and are flatly denied, and where the evidence seems to be quite evenly balanced, the situation is entirely different from that in the cases relied upon by the plaintiff in error. Upon the authority of the *Edney* case, as indicated by the language of Commissioner Irvine, the ruling of the trial court in this is fully sustained.

In the much later case of *Thrasher v. State,* 92 Neb. 110, the court said, respecting a charge of misconduct on the part of a bailiff in charge of a trial jury, that where the issue is submitted upon conflicting affidavits the decision of the district court thereon will not be reversed, unless found to be clearly wrong. Regarding the charging affidavits, it used this language: "But they are contradicted by other affidavits, thus presenting a question of fact, and we cannot say that the decision of the court thereon was wrong." We think, upon due consideration of the affidavits in the case at bar, that the district court was justified in concluding that the charge of misconduct on the part of the jurors and the attorney was wrongfully or mistakenly made. A presumption of regularity attaches to the proceedings and judgments in a criminal case, and where misconduct on the part of a juror or attorney is alleged on motion for a new trial, and the question is submitted upon affidavits and decided by the trial court, the ruling of the trial court will not be set aside by this court, unless it can say upon examination of said affidavits that such ruling was clearly wrong.

The contention of the plaintiff in error that a new trial should have been granted because of newly discovered evidence is without merit. An affidavit was filed by one who did not testify upon the trial, reciting that on the morning of the burglary, which occurred in Fullerton, Nebraska, he met the cars which the evidence indicates were used by the plaintiff in error and his accomplices in leaving town, and that neither of said cars was driven by the plaintiff in error. Inasmuch as the affidavit discloses that, in order to avoid collision with said cars, which were being driven at a high rate of speed, affiant was obliged to turn over the curb, it occurs to the court that his opportunity for accurate identification was exceedingly scant. In addition to this, while it would consume too much space to quote or to state the testimony relative to the matter, the court is convinced by a careful reading of the evidence that the testimony of such affiant would have been largely in the nature of impeaching and cumulative evidence, and that it is exceedingly doubtful

that it would have changed the verdict rendered. Further than this, an omission was made in laying the foundation for urging a new trial upon the ground in question. Only one of the two attorneys for defendant made affidavit that he was without knowledge of the existence of the evidence during the trial of the case. In 16 C. J. 1228, sec. 2744½, it is well said that in showings of this kind each and all of the attorneys representing the accused should make affidavit to lack of knowledge of the existence of such testimony.

A new trial, even in criminal cases, will not be granted on the ground of newly discovered evidence where such evidence would be cumulative merely. *Hamblin v. State*, 81 Neb. 148. The general rule is so stated. *Brooks v. Dutcher*, 22 Neb. 644; *Bell v. City of York*, 31 Neb. 842; *St. Louis v. State*, 8 Neb. 405; *Hanks v. State*, 88 Neb. 464. The supreme court of Illinois say in *People v. Harris*, 263 Ill. 406: "The rule is well settled that a new trial will not be granted on account of newly discovered evidence which in its nature is cumulative or impeaching in its character. Such evidence must be of a character that, if it had been introduced on the trial, it would have been likely to have changed the result." Due examination has been made of the cases cited in the brief of the plaintiff in error, but such cases are not, in our opinion, so directly applicable to the case at bar as to be persuasive.

The trial court had ample ground for its decision upon this point and its ruling will not be disturbed. Moreover, the affidavits as to this newly discovered evidence were not preserved in the bill of exceptions. The supreme court will not consider such affidavits unless so preserved and presented. *Crocker v. Steidl*, 82 Neb. 850.

The court defined "intent" as follows: " 'Intent' denotes the purpose to use a particular means to effect a certain result, 'motive' being the reason which leads the mind to desire that result." While this definition may not be one of those most frequently used in this jurisdiction, we have no doubt that the giving of the same was not erroneous. Indeed, as shown by the state in its brief, the definition has

Williams v. State.

been generally approved.  The supreme court of Wisconsin uses similar language in the case of *Baker v. State*, 120 Wis. 135, saying that intent, from a legal point of view, is really distinct from motive, and that it is defined as the purpose to use a particular means to effect a certain result, while motive is the reason which leads the mind to desire that result.  Also, in *People v. Corrigan*, 195 N. Y. 1, the court said:  "In law there is a clear distinction between them. Motive is the moving power which impels to action for a definite result.  Intent is the purpose to use a particular means to effect such result.  See, also, Burrill's Law Dictionary, vol. 1."  The definition commends itself to this court. When we consider the use of the word "purpose" in connection with the words "to use a particular means to effect a certain result," we think there is no contradiction between the definition complained of and that in Words and Phrases, "A state of mind which precedes or accompanies an act; volition."

Complaint is made because the court in its instruction 3½ told the jury that the burden was upon the state to prove each and all of the material elements of the offense before it could find the defendant guilty; the point being that it did not say in said instruction that the proof must be beyond reasonable doubt.  But in instruction 2 the court put the burden upon the state to prove its charges by evidence beyond reasonable doubt.  This was general and applied to all charges.  In instruction 3 the material elements of the crimes were stated.  The requirement of proof beyond a reasonable doubt was sufficiently comprehensive since it applied to the state's charges, meaning each and every one of the elements set forth in the last-mentioned instruction.  And again, in instruction 5, the court said that in order to convict every fact necessary to constitute the crime had to be established by the evidence beyond a reasonable doubt.  If elsewhere in its instructions the court makes it clear that, to convict, the state's proof on all material points must be enough to convince beyond reasonable doubt, the fact that in one of said instructions it directs

that the burden is on the state to prove all of the elements of the offense, omitting to add "beyond reasonable doubt," is not sufficient to vitiate the verdict.

A last contention of the plaintiff in error is that the court failed to fully instruct as to the lesser crime involved in and incidental to the crime of burglary. While this might be reversible error according to the holding of many, and even most, of the jurisdictions, it is not so in Nebraska, particularly where such instruction is not requested by the defendant, as in the case at bar. 16 C. J. 1023, sec. 2451; *McConnell v. State,* 77 Neb. 773. In the last case this court said: "On the trial of one charged with a heinous crime, where the charge set forth in the information or indictment fully embraces all of the ingredients of a lesser offense, it is proper for the trial court to define the lesser offense and instruct the jury that, where the evidence requires it, they may convict of such offense, but a failure to so instruct is not reversible error, unless such an instruction is requested by the defendant." Applying this rule to the case at bar, there is no merit in the contention of the plaintiff in error.

The verdict and judgment of the district court appear to be without reversible error and the judgment is

AFFIRMED.