## HARRY McINTYRE V. STATE OF NEBRASKA.

### FILED MARCH 14, 1928.   No. 26010.

*Squires & Johnson,* for plaintiff in error.

*O. S. Spillman, Attorney General,* and *Richard F. Stout,* contra.

Heard before GOSS, C. J., ROSE, DEAN, GOOD, EBERLY and HOWELL, JJ., and REDICK, District Judge.

GOSS, C. J.

The plaintiff in error, hereafter called defendant, was charged, convicted and sentenced under section 9553, Comp. St. 1922.   That section reads as follows:

"Whoever shall maliciously shoot, stab, cut or shoot at, any other person with intent to kill, wound or maim such person, shall be imprisoned in the penitentiary, not more than twenty years nor less than one year."

The defendant was· charged with cutting and stabbing Julius Bevins with a knife with intent to wound him. This is one of the several substantive crimes defined by this statute, each a distinct, independent offense of equal rank.   *Tasich v. State,* 110 Neb. 709.

Bevins resided at Seneca, in Thomas county.   He was the village blacksmith, operated a livery stable, was a deputy sheriff, and was village marshal.   On April 14, 1926, between 8 and 9 o'clock in the evening, he went to investigate a report that a brick had been thrown through a restaurant window.   In front of the restaurant was a

parked car and the only light in the immediate neighborhood came from the restaurant. Defendant stood near the rear of the car and yelled, or, as defendant testified, "booed", at the officer. The officer did not know who defendant was, but as soon as he was near enough they came to blows and clinched. The officer had the defendant under him on the ground when the officer was cut and wounded in the shoulder and on his knee and finger, scars of which, and the clothing then worn, with holes and dried blood at places corresponding to the location of his wounds, were submitted to the jury at the trial, a year later. Bevins testified that he saw, in the hands of the defendant, when defendant was striking and wounding him, something that looked like a knife. The evidence shows that the officer was the initial aggressor, though he did testify that the defendant first struck a blow at him which glanced off. The defendant denied that he struck the officer first, but testified that the officer first took a "swipe" at him and he threw up his hand and was hit across the hand. The evidence, while disputed in some phases, was sufficient to sustain the verdict.

The defendant challenged the verdict and judgment on various grounds of alleged error; the chief of these is that the court failed to instruct the jury that assault and assault and battery were lesser crimes included in the charge described in the information. The defendant did not request any instruction on these minor offenses; indeed, he requested no instructions whatever. Even if we should assume that there was sufficient evidence of a simple assault or of assault and battery, the failure to request instructions to the jury on these lesser offenses waived error. While this court, speaking through the late Judge Sullivan, questioned whether it is "the duty of a trial court, in other than homicide cases, to instruct the jury upon every crime, or upon the different degrees of a crime, embraced within the facts stated in the information" (Strong v. State, 63 Neb. 440); yet this court held, in a mayhem case (Barr v. State, 45 Neb. 458), in a robbery case (Curtis v. State,

97 Neb. 397), and in a case charging assault with intent to inflict great bodily injury *(Hopperton v. State,* 110 Neb. 660), that, in order to predicate error upon the failure of the trial court to define in his instructions to the jury a lesser offense included in the crime charged, the defendant must request such instructions. In at least two of the three cases cited it was specifically claimed as error that the court did not instruct the jury on the lesser offense of assault and battery. So we may deduce the rule as applied to the case under consideration: In a prosecution under section 9553, Comp. St. 1922, for cutting with intent to wound, error cannot be predicated upon the failure of the trial court to define offenses of assault and assault and battery, in the absence of a request so to instruct.

In *Dolan v. State,* 44 Neb. 643, relied upon by defendant, the opinion states that the information charged "the crime of assault with intent to murder," and that "the court excluded from the consideration of the jury the question of the defendant's guilt of a lower grade of assault." In the course of the opinion, the court said: "The information included a charge of the lower degrees of assault, as well as assault with intent to murder, and it was the right of the accused to have all of the issues properly submitted to the jury." The judgment was reversed. We do not find that it has ever been cited in our reports. The effect of the language quoted, if strictly interpreted according to its literal meaning, is to suggest that, under a charge of assault with intent to commit murder, it is necessary for the court, on its own initiative, to instruct on assault with intent to inflict great bodily injury and assault and assault and battery, all of which now are in nearby sections grouped in the same article and chapter of our Compiled Statutes. Comp. St. 1922, secs. 9552, 9554, 9556. We do not think the learned judge who wrote it, nor the court adopting the opinion, intended to apply it so definitely. We think that portion of the body of the opinion which we have discussed ought to be, and it is hereby, disapproved

in so far as it conflicts with the views expressed in this opinion.

The defendant assigns and argues that the court failed to instruct the jury that the intent charged could not be presumed but had to be proved by the evidence beyond a reasonable doubt. The court instructed the jury what were the allegations of the information and told them these had to be proved by the evidence beyond a reasonable doubt. One of these elements was intent. If the defendant desired more specific instructions on intent he should have requested it. He requested none on any subject.

We have examined other complaints of the defendant, relating to the extent to which cross-examination of a witness for defendant was permitted, to the limitation of cross-examination by defendant of witnesses for the state, to misconduct of the special prosecutor in his argument to the jury. We find no error in these matters.

The judgment of the district court is

AFFIRMED.