DAN MAYO V. STATE OF NEBRASKA.

FILED MAY 25, 1934. No. 29055.

*Squires, Johnson & Johnson,* for plaintiff in error.

*Paul F. Good, Attorney General,* and *Daniel Stubbs, contra.*

Heard before GOSS, C. J., ROSE, GOOD, EBERLY, DAY and PAINE, JJ., and MESSMORE, District Judge.

ROSE, J.

In a prosecution by the state in the district court for Custer county, Dan Mayo, defendant, age 33, was convicted of rape upon a female child 14 years of age on or about May 20, 1932, and for that felony was sentenced to serve a term of five years in the penitentiary. As plaintiff in error in the supreme court, defendant below presents for review the record of his conviction.

The principal assignment of error is insufficiency of the evidence to sustain the conviction. The argument under this head is directed chiefly to the proposition that the conviction depends on uncorroborated testimony of prosecutrix alone and is emphatically contradicted by defendant who testified in his own behalf. This point was elaborately argued and required an examination and a consideration of all the testimony in a long record.

The scene of the felony, if committed, was a "pocket" in a canyon on the Stuckey ranch about six miles east of Oconto in Custer county. Prosecutrix testified directly and positively that defendant had illicit relations with her at the place mentioned late in May, 1932, detailing the circumstances. She testified in substance that as directed by defendant she went into the canyon, and that he came up on horseback shortly afterward, dismounted, tied his horse to a tree and had sexual intercourse with her in the pocket of the canyon where they were alone. If she told the truth defendant was guilty as charged. Was there corroboration within the meaning of the criminal law?

In addition to the testimony of prosecutrix there is

evidence of the following facts: The Stuckey ranch contained large tracts of rough land where there were canyons and ridges. There were two sets of improvements on different parts of the ranch. The father and mother of prosecutrix, the latter and four of her brothers occupied one of the houses, having moved into it March 1, 1931. The other house was occupied by defendant, his wife and three children. In going to and from Oconto defendant passed the home of prosecutrix. The two families were on friendly terms early in 1931, and for more than a year exchanged work and visited and dined with each other at both homes. Defendant often stopped at the home of prosecutrix on his way to and from Oconto; saw her alone at times in canyons, cornfields and hayfields; had been alone with her in an automobile, and on a hayrack; had scuffled with her frequently at her home and on the ranch; had pulled her off a horse and bit her ear. She had said she was crazy about him.

There is evidence of the foregoing believable facts independently of the testimony of prosecutrix. In the situation outlined, as indicated by witnesses other than prosecutrix, she became pregnant. She gave birth to a child March 15, 1933. Defendant admitted on the witness-stand that he rode into the canyon, saw prosecutrix there May 24, 1932, and walked alone with her there to the place she had called the "pocket." A brother of prosecutrix testified he came near them, saw them there alone, and rode out of the canyon behind defendant on the horse, leaving the sister behind. There is also evidence that defendant, after he was arrested, was confronted with the charge in the office of the county attorney in the presence of other persons and did not deny it. The evidence of rape is conclusive. Prosecutrix was too young to consent to an act resulting in pregnancy. Without her testimony, the jury were at liberty to infer from the evidence that defendant had an amorous attachment for her and an opportunity to indulge it, notwithstanding his denials of guilt. While there was no direct corroboration of the prin-

cipal fact, that was unnecessary in view of the circumstances corroborating her story. The following has long been a rule of criminal law:

"In a prosecution for rape, it is not essential to a conviction that the prosecutrix should be corroborated by the testimony of other witnesses as to the particular act constituting the offense. It is sufficient if she be corroborated as to material facts and circumstances which tend to support her testimony, and from which, together with her testimony as to the principal fact, the inference of guilt may be drawn." *Fager v. State,* 22 Neb. 332.

Another recognized rule reads thus:

"In a prosecution for rape, the corroboration of prosecutrix may consist of circumstantial evidence." *Kotouc v. State,* 104 Neb. 580.

Under these principles and a full consideration of the entire record from every standpoint, the conclusion is unanimous that sufficient corroboration was shown by evidential circumstances and that the judgment is supported by sufficient evidence.

Complaint is made of evidence tending to prove other similar acts, but there was no error in this particular since the law declares:

" 'In the prosecution of a charge for rape upon a female child under the age of consent, testimony of subsequent acts of illicit intercourse, related in time to the offense charged, is admissible as corroborative evidence of the principal fact sought to be established.' *Woodruff v. State,* 72 Neb. 815." *Kotouc v. State,* 104 Neb. 580.

All assignments of error have been considered in the light of the evidence on both sides without finding an error prejudicial to defendant.

AFFIRMED.