## WILLIAM C. BEER V. STATE OF NEBRASKA.

FILED JULY 2, 1935. No. 29460.

*Waring & Waring* and *Walter C. Weiss,* for plaintiff in error.

*William H. Wright, Attorney General,* and *Milton C. Murphy, contra.*

Heard before Goss, C. J., Rose, Good, Eberly, Day and Paine, JJ.

Goss, C. J.

Defendant, age 76, was convicted of assault with intent to commit rape upon a female child, not his wife or daughter, age 11, on August 27, 1934. His sentence was for three years. He brings proceedings in error here.

The girl testified to intercourse between them on the evening of the day named and that it took place in the village library where defendant, who was caretaker, had met her by appointment. The library was open to the public on two nights a week, but this was not one of the nights in question. He had preceded her, by appointment, to the library and opened the back door by which she entered. Examination by a physician the same evening showed that her vagina was larger than usual in girls of her age, that it was capable of penetration by a male organ, though in the absence of any evidence of injury it was not possible to determine whether she had been penetrated on that particular occasion. She testified to previous similar acts with defendant, and the doctor testified that the original penetration of the hymen must have occurred at some time prior to the night of the physical examination.

Certain witnesses who had suspected defendant of clandestine meetings with the girl had followed him and her to the library and came upon them while there. There were no lights in the library and the front door was locked. Defendant's grandson had a key and unlocked the door. The town marshal, by aid of his flashlight, found the girl behind a bookcase, where, she testified, defendant had told her to run and hide when they discovered searchers outside of the building. It is unnecessary to detail further circumstances which, while not directly proving the offense,

are sufficiently corroborative of the testimony of the prosecutrix.

"In a prosecution for rape, it is not essential to a conviction that the prosecutrix should be corroborated by the testimony of other witnesses as to the particular act constituting the offense. It is sufficient if she be corroborated as to material facts and circumstances which tend to support her testimony, and from which, together with her testimony as to the principal fact, the inference of guilt may be drawn." *Fager v. State*, 22 Neb. 332. See *Kotouc v. State*, 104 Neb. 580; *Robbins v. State*, 106 Neb. 423; *Mayo v. State*, 127 Neb. 227.

So we find the evidence amply sufficient to support the charge of assault to commit rape. Rape, as applied to parties of the ages here, is defined by section 28-408, Comp. St. 1929, and assault with intent to commit rape is defined by section 28-409, Comp. St. 1929.

While the charge was that of rape, without charging that it was against the will of the female or that it was by force, the court submitted to the jury the alternative of assault to commit rape, and of the latter defendant was found guilty. It is complained of that the court did not submit to the jury the question of simple assault. No such instruction was requested and no proper instruction was requested on assault and battery. Even if he could have been found guilty of a simple assault, it was not error of the court to charge this offense in absence of a request. *Williams v. State*, 113 Neb. 606; *McIntyre v. State*, 116 Neb. 600.

Complaint is made of an instruction in which the court told the jury: "You are not at liberty to disbelieve as jurors if, from all the evidence, you believe as men." We have criticized this instruction several times and hope trial judges will discard it from their forms of instructions. But we hold that, while it is not to be commended, we cannot reverse a judgment of conviction solely for the giving of this instruction. *Clements v. State*, 80 Neb. 313; *Mays v. State*, 72 Neb. 723; *Lillie v. State*, 72 Neb. 228.

Error is assigned to an instruction which told the jury that, if not convinced by the evidence beyond a reasonable doubt that defendant raped the girl, but if so satisfied that he assaulted her with the "intent to commit a rape," they should return a verdict of assault with intent to commit rape; and to the next instruction, which told the jury that, if one with the power of copulation "touches or handles, or takes hold of the person of a female under the age of consent with the present intention of having sexual intercourse with her then and there, he commits the offense of assault with intent to rape." The objection is made that the court did not explain the definition of "intent." The meaning of the word is so patent in connection with the other specific instructions of the court that we do not think any juror could have misunderstood its meaning or have been prejudiced by the failure to define it; besides, defendant offered no instruction on the subject.

In his instruction upon corroboration the court told the jury: "The defendant cannot be convicted upon the uncorroborated testimony alone of the injured female, if you find it is without corroboration by the facts and circumstances shown in the evidence." Criticism is made of the term "injured female." There was no doubt from the evidence that she had been injured by some one, either by defendant or by some one else, either at the time charged or before. It would have been better if she had been referred to as the prosecutrix, but, in the light of all the instructions, we think the jury were not at all prejudiced by this phrase which was merely descriptive of the identity of the prosecutrix. It in no manner could be interpreted as holding, as a matter of law, that the prosecutrix had actually been "injured" by defendant.

Defendant assigns error because the court refused his instruction embodying "that the mere opportunity to commit the crime is not sufficient corroboration" and that if, in consideration of all the facts and circumstances, they find "that the prosecuting witness is not corroborated as to the main fact and issue in this case you will acquit the

defendant." The court gave a proper instruction as to the corroborating effect of circumstantial evidence and no prejudice resulted from the refusal of the requested instruction, which might have been prejudicial to the state in influencing the jury to acquit defendant, if there was no evidence specifically corroborating the testimony of the prosecutrix as to the exact fact of copulation or directed to the exact fact of attempted copulation.

The chief defense, as we consider the record, evidence and brief of defendant, is that he was sexually impotent. There was evidence on his behalf tending to show that he had no capacity to perform the sexual act.

A Lincoln physician, who had made a specialty of genito-urinary surgery, operated defendant on December 21, 1932, and removed his prostate gland by resection through the natural channels. The patient was discharged from the hospital on January 8, 1933. He had been operated under the new method, called the trans-urethra resection, whereby, with electrical cutting instruments, the prostate is removed from its obstructing bed through the natural channel, the urethra, without resort to radical open surgery as was formerly the method used. The doctor had not seen defendant since that time. He expressed the opinion that defendant was, when he last saw him, and still is, sexually impotent. He defined that term as meaning an "inability to carry out the sexual act with an erect penis." A Hebron physician, who had about 30 years practice, expressed the opinion that it would be possible for a man 76 years old, whose prostate gland had been removed, to have such an erection, but it would not be probable. The prosecutrix testified that there was insertion by defendant. We think the evidence was competent to establish what the jury found, namely, that defendant assaulted the girl with intent to commit a rape upon her.

We have considered all the errors assigned and find none of them to be prejudicial and to warrant a reversal. The judgment of the district court is

AFFIRMED.