LLOYD E. HAYNES V. STATE OF NEBRASKA.
288 N. W. 382

FILED NOVEMBER 10, 1939. No. 30588.

*Beatty, Maupin, Murphy & Davis,* for plaintiff in error.

*Walter R. Johnson, Attorney General,* and *Rush C. Clarke, contra.*

Heard before SIMMONS, C. J., EBERLY, PAINE, CARTER, MESSMORE and JOHNSEN, JJ.

SIMMONS, C. J.

The defendant, aged 31, was convicted of assault with intent to commit rape upon a female child 12 years of age. He was sentenced to the penitentiary for a period of 15 years. He brings proceedings in error here.

Defendant's first contention is that the evidence is insufficient to support the verdict of the jury. It will not be of advantage to the parties involved to set out a detailed abstract of the evidence. The crime is alleged to have been committed during the early morning of June 22, 1938, on a side road leading from one of the main traveled highways in Lincoln county, Nebraska. There is no dispute but that the defendant, the complaining witness, and her older sister were together for a period of time immediately preceding the commission of the alleged offense, and that he was alone with the complaining witness at the scene of and at the time of the alleged offense. The complaining witness testified in detail as to the assault. While the defendant denies the act, her testimony is fully corroborated as to material facts and circumstances. Her physical condition, as indicated by examinations of reputable physicians, also supports her testimony. The evidence is sufficient to support the verdict of the jury.

This court has held: "In a prosecution for rape, it is not essential to a conviction that the prosecutrix should be corroborated by the testimony of other witnesses as to the particular act constituting the offense. It is sufficient if she be corroborated as to material facts and circumstances which tend to support her testimony, and from which, together with her testimony as to the principal fact, the inference of guilt may be drawn." *Fager v. State,* 22 Neb. 332, 35 N. W. 195. See *Kotouc v. State,* 104 Neb. 580, 178 N. W. 174; *Robbins v. State,* 106 Neb. 423, 184 N. W. 53; *Mayo v. State,* 127 Neb. 227, 254 N. W. 887; *Beer v. State,* 129 Neb. 366, 261 N. W. 824.

The defendant next contends that the trial court failed to instruct the jury on the lesser offenses of assault and assault and battery. It is admitted that a request for such an instruction was not made. It was not error on the part of the trial court to fail to charge as to the lesser offenses in the absence of such a request. *McConnell v. State,* 77 Neb. 773, 110 N. W. 666; *Williams v. State,* 113 Neb. 606, 204 N. W. 64; *McIntyre v. State,* 116 Neb. 600, 218 N. W. 401; *Beer v. State, supra.*

The information in this case contained five counts. At the close of the state's case, upon motion of the defendant, the first, second, and third counts were dismissed, and the court ruled that counts 4 and 5 would be tried as one count. In its instructions, the court set out verbatim the charging parts of counts 4 and 5, and instructed the jury that the counts differed only in that one alleged the crime charged to have been committed by different means than the other, and that some of the allegations contained in each of the counts had become immaterial.

The court further in its own language set out the material elements of the crime of rape, which were charged in the two counts, and instructed the jury that, if they found from the evidence beyond a reasonable doubt that each and every one of said elements were true, they should find the defendant guilty of the crime of rape; that, if they did not so find, they would next consider the question of whether or not the defendant was guilty of the crime of assault with intent to commit rape. The court then set out in its own language the material elements of assault with intent to commit rape, and instructed the jury that, if they were satisfied beyond a reasonable doubt that all the elements of the crime of assault with intent to commit rape were true, they would find the defendant guilty of that latter crime. If they were not satisfied beyond a reasonable doubt of the truth of any of said elements, then they would find the defendant not guilty.

The defendant contends that the action of the trial court in setting out both counts verbatim was prejudicial. This court has held:

"It is the better practice in a criminal case for the trial court to charge the jury, in concise and informal language, as to the material facts which must be proved beyond a reasonable doubt to authorize a conviction, rather than to copy the information or indictment into its instructions." *Kirchman v. State,* 122 Neb. 624, 241 N. W. 100.

However, the language of the information set out involved no technical or ambiguous language. We cannot see

that it was prejudicial to the defendant to have the language of the count set out, particularly in view of the fact that the court, subsequent thereto, in its own language, complied with the better practice rule established in the case of *Kirchman v. State, supra.* See *Dixon v. State,* 46 Neb. 298, 64 N. W. 961; *Cooper v. State,* 123 Neb. 605, 243 N. W. 837.

The defendant further contends that the sentence imposed in this case is excessive. After a consideration of the circumstances, as shown by the record, we conclude that there is merit in this contention. By authority of section 29-2308, Comp. St. 1929, the sentence is reduced from 15 to 7 years.

The judgment is

AFFIRMED AS MODIFIED.