JESSE COLEMAN and ALTON J. COLEMAN, *vs.* THE STATE OF MARYLAND.

A recognizance was taken after the adoption of the present constitution of the State establishing the *circuit courts* for the counties, to appear before the "*county court*" to be "held on the —— day of April next." HELD:

That this recognizance was *absolutely void*, it being to appear before *a court* which has no existence and upon no *fixed day*, and this objection can be taken advantage of upon a *scire facias* after *forfeiture*.

Where a recognizance is absolutely void from the beginning, the recognizor is not obliged to answer to it when called and assign reasons why it should not be forfeited.

o

Coleman *vs.* The State.

The recognizance being to appear in the *county court*, and not in the *circuit* court, the latter court had no jurisdiction to forfeit it, it not being returnable to that court.

APPEAL from the Circuit Court for Allegany county.

This was a *scire facias*, issued by the State against the appellants upon a forfeited recognizance, to which they appeared and filed a general demurrer. The court, (PERRY, J.,) overruled the demurrer and gave judgment for the State, from which the defendants appealed. The facts of the case are fully stated in the opinion of this court.

The cause was argued before LE GRAND, C. J., ECCLESTON, TUCK and MASON, J.

*Thomas Devecmon* for the appellants, argued:

1st. That the recognizance in this case is *void*, inasmuch as it does not appear that the party was charged with any criminal offence. It is essential to the validity of a recognizance that the cause of its caption distinctly appear upon the face of it. The court can only look to the recognizance itself and the recitals in it to discover whether a crime is charged, and can make no presumption in aid of its recitals. 7 *Texas,* 547, *Cotton vs. The State.* 33 *Maine,* 536, *State vs. Lane.* 7 *Hill,* 39, *People vs. Koeber.* 1 *Dana,* 523, *Simpson vs. The Commonwealth.* 3 *J. J. Marshall,* 642, *West vs. The Commonwealth.* 16 *Mass.,* 447, *Commonwealth vs. Daggett.* *Ibid.,* 198, *Commonwealth vs. Otis.* 9 *Do.,* 520, *Commonwealth vs. Downey.*

2nd. The party was to appear before the next *county court* to be held, &c. There was no such court; for by the new constitution the *county* courts were abolished and the *circuit* courts established. A recognizance for the appearance of the party before a court not in existence is absolutely void. 13 *Ohio,* 179, *State vs. Johnson.* 3 *Dana,* 224, *Thruston vs. Commonwealth.* 1 *Sergt. & Rawle,* 328, *Commonwealth vs. Bolton.* 3 *Yerger,* 281, *State vs. Sullivant.* 6 *Do.,* 354, *Grisby vs. The State.* 14 *Vermont,* 64, *Treasurer vs. Merrill.*

3rd. The recognizance is to appear at the county court to

22    v.10

be held on the —— day of April next. It does not designate *any day* of the term on which the party was to appear, it could not, therefore, be forfeited by his failure to appear on any particular day. *Littell's Select Cases*, 31, *Griffin vs. The Commonwealth*.

4th. The condition was to appear at the county court to be held on the —— day of April next. The recognizance was not forfeited until *October* term 1853. Now the party could not be called upon the recognizance so as to produce a forfeiture *without notice*, except *upon the day* on which he was bound to appear. 1 *Comyn's Digest*, 670. 1 *Bac. Abr.*, 361. 6 *How. Miss. Rep.*, 298, *Moss vs. The State*.

5th. If the appellants be right in either of the foregoing positions the recognizance is void, the forfeiture of it is void, and all the proceedings upon it are also void. 12 *Smedes & Mar.*, 472, *Butler vs. The State*, and the authorities before cited.

6th. Assuming that the recognizance sufficiently charges a criminal offence, and that it was properly taken and regularly forfeited, still it is void, as *one* justice of the peace has no authority to bail in criminal cases amounting to felony. The statute of 1 *Richard III., ch.* 3, provided, that every justice of the peace should have discretionary power to bail, but the abuses under this statute became so flagrant that it was repealed by the statute of 3 *Henry 7th, ch. 3, sec.* 3, which provided, that two justices of the peace, one of whom should be of the *quorum*—that is of those assigned to hold the goal delivery—should *alone* have power to bail. Even under this statute the power was still abused, by a *single* justice granting bail in the name of *two*; the name of a *second* justice being inserted who was never present. The statute of 1 and 2 *Philip & Mary, ch.* 13, was then passed, which, by its second section, provided, that no justice or justices should bail for offences not bailable under the statute of *Westminster*, and the 3rd section required that no bail should be granted in cases of *felony*, except it be by two justices at the least, one to be of the *quorum*, who should be *present together* and certify the same with their own hands. 1 *Petersdorff on Bail*, 479, 481. 1 *Bac. Abr.*, 351.

'There is no act of Assembly in Maryland regulating the taking of bail. We are governed by the statute of 1 and 2 *Philip & Mary*, which is in force here. *Kilty's Report of Statutes*, 209, 234. As, therefore, it is clear that one justice of the peace cannot bail in cases of felony, the only remaining question is, is the receiving of stolen goods, knowing them to be stolen, a felony in Maryland? Felony in the English law is defined to be an offence which occasioned the forfeiture of land or goods, or both, at common law. 1 *Bouv. Law Dic.*, 404, 4 *Black. Com.*, 94. Forfeiture of lands or goods is abolished in Maryland by our Bill of Rights and the act of 1809, ch. 138, sec. 10. But because forfeiture is abolished it will not do to say there are no felonies. Felonies *in this country* are those offences which are punishable by *confinement in the penitentiary.* 2 *Va. Cases*, 122, *Barker vs. The Commonwealth.* 8 *Blackf.*, 489, *State vs. Smith.* 7 *Missouri*, 183, *Johnson vs. The State. Ibid.*, 293, *Ingram vs. The State.*

*J. H. Gordon* for the State, argued:

1st. The first reason assigned by the appellants why execution should not issue on this recognizance is, that Jesse Coleman was charged with a felony, and that a justice of the peace has no power to take bail in cases of felony. This reason is not good, because the charge stated in the recognizance does not amount to felony. It is only for *"having stolen goods in his possession,"* and it does not appear whether he stole them, or received them from another knowing them to be stolen, in which case it would not be a felony. If it was a felony, however, it would still be sufficient, because justices of the peace have power to take bail in many cases of felony. *Latrobe's Justice, secs.* 1633, 1642, 1643, 1645, 1646, 1647. *Act of* 1805, *ch.* 65, *sec.* 24. 2 *Hale's P. C.*, 121. 4 *Bl. Com.*, 298, 299. *Hawk. P. C., Book* 2, *ch.* 14, *sec.* 49. *Comyn's Dig., Bail*, 4.

2nd. The second objection is, that the recognizance was not forfeited at the time appointed for the appearance of the party, and that it could not be forfeited afterwards without notice to the parties. This objection is also bad, because it is part of the

Coleman *vs.* The State.

condition of the recognizance that the party should not depart the court without license. It was his duty therefore to remain in the court till he was regularly discharged, and his bail was equally bound to have him there. But if the objection was ever so good they cannot take advantage of it on demurrer. The *scire facias* shows that the recognizance was regularly forfeited, and the forfeiture was the judgment of a court of competent jurisdiction. This judgment was admitted too by the demurrer, and the presumption of law is, that every thing was done that was necessary to give the court power to render the judgment before the forfeiture was made.

MASON, J., delivered the opinion of this court.

It appears from the record in this case that Jesse Coleman, one of the appellants, was in the jail of Allegany county on the 26th of February 1853, under the charge of *"having stolen goods in his possession,"* and a recognizance was then entered into by the appellants before a justice of the peace, conditioned for the appearance of said Jesse "at the *county court* of said county, to be held on the ——— day of April next ensuing, then and there to answer such charges as may be alleged against him for and concerning the stolen goods found in his premises."

This recognizance was returned to the circuit court for said county on the 22nd of October 1853, and forfeited on the 3rd day of November 1853.

Upon this recognizance so forfeited a *scire facias* was issued by the State against the appellants, to which they appeared and filed a general demurrer. The court overruled the demurrer, and gave judgment for the State, and from this judgment the appeal was taken.

A recognizance to appear before *a court* which has no existence, and upon *no fixed day*, is clearly void. The impossibility of complying with such conditions is the reason.

But it is supposed that these objections could not be taken advantage of upon a *scire facias*, because the recognizance having been regularly forfeited, these questions were concluded by the forfeiture, which was a judgment of a court of competent jurisdiction.

It is true the principle is well settled, that any defence which could have been pleaded to the original suit, cannot be relied on afterwards in a *scire facias* to revive the original judgment. But this principle cannot apply to a case like the present, because the recognizance being absolutely void from the beginning, the defendant was not obliged to answer to it, and assign reasons why it should not be forfeited. He was required by the recognizance to appear in the *county court* to answer, and not in the circuit court. The circuit court had no jurisdiction to forfeit a recognizance which was not returnable to that court. The defendant not being obliged to answer in the circuit court, was not obliged to plead or make any defence to the proceeding in that court. It cannot therefore, under such circumstances, be said that the defences now relied on could have been pleaded to the original proceeding. The writ of *scire facias* was the first legal process issuing out of the circuit court which the defendant was bound to notice. He finds the judgment upon which it was based to be utterly void, and he is at liberty to show it, being the first opportunity, in contemplation of law, which he had of doing so.

*Judgment reversed, but no procedendo.*