ORLANDO DUTCHER, HOMER DUTCHER, AND PETER DUTCHER, PLAINTIFFS IN ERROR, V. THE STATE OF NEBRASKA, DEFENDANT IN ERROR.

1.  **Objections to Evidence.**  Generally, this court will not consider an objection to the admissibility of testimony unless the objection was made at the trial, and the ruling of the trial court thereon excepted to.

2.  **Criminal Law:**  EVIDENCE.  Where there is distinct evidence of each material fact necessary to establish the guilt of the accused legally before the jury, a verdict against him will be upheld, although such testimony may be contradicted by other witnesses.

3.  **A Motion for a New Trial** is indivisible, and when made jointly by two or more parties, if it cannot be allowed as to all, it must be overruled as to all.

ERROR to the district court for Holt county.   Tried below before BARNES, J.

*H. M. Uttley,* for plaintiffs in error.

*Isaac Powers, Jr., Attorney General,* for the State.

COBB, CH. J.

The plaintiffs in error were indicted in the district court of Holt county, under sec. 26 of the criminal code, which reads as follows: "If three or more persons shall assemble together with intent to do an unlawful act with force and violence against the person or property of another, or to do any unlawful act against the peace, or being lawfully assembled shall agree with each other to do any unlawful act as aforesaid, and shall make any movement or preparation therefor, the persons so offending shall be fined in any sum not exceeding one hundred dollars, and be imprisoned in the jail of the county not exceeding three months." Upon

trial they were found guilty and sentenced to pay a fine of one hundred dollars and costs, to reverse which judgment they bring their case to this court.

The *first* point made by plaintiffs in their brief is upon alleged errors on the part of the district court upon the trial of the cause. This is rather a general criticism upon the course of the court in that behalf, no specific instance of ruling being pointed out. And, upon a careful reading of the bill of exceptions, I fail to find a single question put to a witness by counsel for the state, objected to by counsel for the defendants, the objection overruled by the court, and defendants excepting to such ruling, and the question answered by the witness, where the answer could possibly have been prejudicial to the defendants.

The *second* point is, that the motion of defendants for a new trial should have been allowed, for the reason that the verdict was unsustained by the weight of evidence, etc. It has often been said here, and it seems that it cannot be too often repeated, that this court cannot reverse a judgment merely upon the weight of evidence, and it is equally true that a trial court ought not to set aside a verdict of a jury upon that ground alone. To establish the rule that it may do so, would be to make the court and not the jury the judge of the facts as well as of the law. If there is distinct evidence of each material fact necessary to establish the guilt of the accused legally before the jury, then a verdict against him must stand, although such testimony may be contradicted by never so many witnesses, and never so many circumstances may conspire to discredit it. All of these should be weighed by the jury in making up their verdict, but not by the court for the purpose of setting it aside.

*Third,* The rather novel objection is made to the instructions that, while they were not excepted to, and counsel expressly states that he believes that they state the law correctly, "but being all given in the affirmative, cannot but lead the jury to believe that 'the court considered the

parties guilty, and thus mislead them," etc.    Why or how the use by the court of the affirmative rather than the negative form of expression in the construction of its charge could even tend to convey the impression to the jury that the court believed the defendants guilty does not appear. Neither is the stricture upon the instructions true in point of fact.    The sixth instruction is as follows:    "6. If the testimony fails to convince you beyond a reasonable doubt that the defendants did perform the acts charged in the indictment, or participate therein, you will find the defendants not guilty."

Upon the whole, I think that the instructions of the court, as well as its rulings in refusing the instructions prayed by defendants, with the exception hereinafter specified, must be approved.

There is but one charge contained in the indictment. That is, of unlawfully and riotously assembling together with inte1 t to do an unlawful act with force and violence against the person and property of the person therein named.    Under this charge, the only thing susceptible of substantive proof is generally the fact of the assembling together of three or more persons.    It may be observed that the words "unlawfully and riotously" are probably borrowed from the form of an indictment (for riot) at common law, and are quite unnecessary in an indictment under section 26 of the criminal code.    But the intent with which such persons assemble together is the vital part of the charge; and in it consists the very essence of the offense, and this intent can generally only be proved by a consideration of the time, place, and circumstances of such assembling, and the acts and speech of the persons so assembled.    So it must be apparent that there was but one issue presented by the defendant's plea of not guilty.    It must also appear that no case for special findings is presented by this trial, even if a special verdict be allowable in any criminal case under our system.

I think that the district court should have given instruction number 6 of defendants' prayers, and had the defendants, Peter Dutcher and Homer Dutcher, moved for a new trial separate from the defendant Orlando Dutcher, I think that they would have been entitled to it solely on the ground of the refusal of the court to charge the jury as requested in said 6th prayer, that the admissions or statements of Orlando Dutcher not made in their presence nor assented to by them should not be considered as evidence against them. But no separate motion for new trial was made; and, as we held in the case of *Long v. Clapp* at the present term, 15 Neb., 417, a motion for a new trial which cannot be allowed as to all the parties therein must be denied. The judgment of the district court is affirmed.

JUDGMENT AFFIRMED.

THE other judges concur.