Burnett v. State.

---

## LAFE BURNETT V. STATE OF NEBRASKA.

FILED FEBRUARY 10, 1910.   No. 16,255.

1. **Criminal Law:** ADMISSIONS: INSTRUCTIONS. Mere inculpatory statements made by a defendant should not be considered or treated by the trial court, in a criminal prosecution against him, as confessions or admissions of the crime charged; and it is error for the court in instructing the jury to treat them as such.

2. ——: ——: ACCOMPLICE. Confessions or admissions of guilt made by one of two persons charged with a criminal offense are admissible against him; but they are not ordinarily admissible as against his alleged accomplice unless they are made in his presence or are assented to by him.

3. ——: INSTRUCTIONS: REASONABLE DOUBT. Instruction attempting to define a reasonable doubt, set forth in the opinion, and its use condemned.

ERROR to the district court for Phelps county. HARRY S. DUNGAN, JUDGE. *Reversed.*

*W. G. Hastings, R. D. Stearns, S. A. Dravo* and *J. I. Rhea,* for plaintiff in error.

*William T. Thompson, Attorney General, George W. Ayres, F. A. Anderson* and *Morlan, Ritchie & Wolff,* contra.

BARNES, J.

The state prosecuted one Lafe Burnett, hereafter called the defendant, in the district court for Phelps county on the charge of adultery, alleged to have been committed by him with one Anna Wilson, a married woman, the wife of Augustus Wilson. The trial resulted in a verdict of guilty, and the defendant was sentenced to be confined for a term of six months in the county jail of Phelps county. To reverse that judgment the defendant has brought the case here by petition in error. The record contains a great many assignments, but three of which will receive our consideration.

At the trial the state was permitted to prove, over the objections of the defendant, that at the time he was arrested defendant said: "I suppose I am under arrest." That in a subsequent conversation with the officer the defendant said: "She is a mighty good looking woman, isn't she?" That the officer replied "Yes"; and the defendant then said: "Mighty good form, too." This evidence was not introduced to contradict any statements made by the defendant, but as substantive evidence for the prosecution, and was treated by the state and by the trial court as an admission of guilt. Another witness for the state was also permitted to testify that at the time and place where the defendant was arrested he said to Mrs. Wilson: "Nobody would hurt her, but it meant the penitentiary for him." This was also objected to by the

defendant, and was introduced by the state and treated by the court as an admission of the defendant's guilt. Touching this evidence, and upon the request of the state, the court gave the following instruction: "The court instructs the jury, if from the evidence you believe, beyond a reasonable doubt, that the defendant made the admissions testified to in this case, although at the time of making the same he was held in custody, yet, if he voluntarily and without inducement of any kind made such admissions, the jury should treat and consider such admissions precisely as they would any other evidence or testimony." The defendant excepted, and now assigns error for the giving of said instruction. We think the vice of this instruction is in treating the alleged statements of the defendant as admissions or confessions of his guilt. At most, they were mere inculpatory statements, and do not amount to a confession of the commission of the crime charged against him. These statements were all susceptible to explanation, and when considered in the light of the conditions, and the circumstances under which they were made, if made at all, they may or may not have been inculpatory. 2 Wigmore, Evidence, sec. 1050, distinguishes admissions from confessions, as follows: "A confession is one species of admission, namely, an admission consisting of a direct assertion, by the accused in a criminal case, of the main fact charged against him or of some fact essential to the charge. * * * The peculiarity of confessions in evidence is that they are subjected to an additional limitation when offered in criminal cases—the limitation that they must have been made without any inducement calculated to destroy their trustworthiness." In section 1051 of that work the writer says: "An admission is logically useful against the party in the same way as a prior inconsistent statement against a witness, * * * and its admissibility rests upon that ground." In section 1052 we find the following: "Admissions are statements, i. e., assertions in words, and it is their inconsistency with

the party's other assertions that discredit the latter. Hence, *conduct cannot ·of itself be* treated as *an admission.* Yet the various sorts of conduct, which indicate a guilty consciousness and are undoubtedly receivable in evidence, are sometimes spoken of as admissions. The truth is that they are just what they seem to be, namely, acts, not assertions, and that their use in evidence is strictly a circumstantial one by way of inference from the conduct to the mental state beneath it, and from that to some ulterior fact." The inculpatory statements above quoted, if they amount to evidence against the defendant at all, fall within the acts or statements last above described, and it was reversible error for the court to state to the jury that they were either confessions or admissions. At most, the instruction should have told the jury that defendant's statements, viewed in the light of the circumstances under which they were made, if made at all, might be considered by them in connection with all of the other evidence in the case to aid them in determining the question of defendant's guilt or innocence of the crime charged against him.

Again, the record shows that the state was permitted to prove, over defendant's objection, that, after he was arrested and was taken away by the officer, Mrs. Wilson, his alleged paramour, said: "This is a great idea. It is the first time we ever did anything of this kind, and have to be caught." Another witness for the state was permitted to testify that she said, in the absence of the defendant: "You need not laugh, there isn't a one of you but what would have done the same thing if you had had a chance," or words to that effect. These statements made in the absence of the defendant by his alleged paramour, who was not under indictment, who was not a codefendant, and against whom no prosecution has ever been instituted, were treated by the state and by the court as admissions of his guilt. They were received as evidence in chief, and not for the purpose of contradicting the statements made by Mrs. Wilson denying the commission

of the alleged crime. That the introduction of this evidence was reversible error seems clear. In 12 Cyc. 440, we find the following: "While confessions or admissions of guilt made by one of several persons who are jointly indicted and tried for an offense are admissible against him, they are not admissible against his codefendants unless made in their presence and assented to by them." We find the text above quoted to be supported by citations from nearly all the states. Among them is *Dutcher v. State*, 16 Neb. 30. In that case there were several defendants, and it was there held that the admissions or statements of Orlando Dutcher, who was one of them, not made in the presence of or assented to by the others, should not be considered as evidence against them.

Complaint is also made by the defendant of instruction No. 1 A, given at the request of the state, in which the court attempted to define a reasonable doubt. The instruction reads as follows: "The court instructs the jury: A reasonable doubt, as used in these instructions, to justify an acquittal must be a reasonable one arising from a candid and impartial investigation of all of the evidence in the case. A doubt produced by an undue sensibility in the mind of any juror in view of the consequences of his verdict is not a reasonable doubt, and the juror is not allowed to create sources of materials of doubt by resorting to trivial or fanciful suspicions and remote conjectures as to a possible state of facts differing from those established by the evidence. You are not at liberty to disbelieve as jurors if, free from all the evidence, you believe as men. Your oath imposes on you no obligation to doubt where no doubt would exist if no oath had been administered. That by reasonable doubt is not meant that the accused may possibly be innocent of the crime charged against him, but it means some actual doubt having some reason for its basis. A reasonable doubt that entitles to an acquittal is a doubt reasonably arising from all the evidence or want of evidence in this case. The proof is deemed to be beyond a reasonable doubt

when the evidence is sufficient to impress the reason and understanding of ordinarily prudent men with a conviction on which they would act in the most important concerns and affairs of life." We have frequently condemned a like instruction, but we doubt if one has ever been presented to this court before which contains so many objectionable features as this one. We think one illustration will be sufficient. It will be observed that the jury were informed: "That by reasonable doubt is not meant that the accused may possibly be innocent of the crime charged against him, but it means some actual doubt having some *reason* for its basis." In *Childs v. State,* 34 Neb. 236, we held an instruction containing a like expression erroneous, and a cause for a reversal of the judgment. Other expressions contained in the instruction complained of have been held erroneous by other courts, but it seems unnecessary for us to consider them. We are satisfied that the objectionable features of this instruction, together with the errors heretofore mentioned, entitle the defendant to a new trial.

For the foregoing reasons, the judgment of the district court is reversed and the cause is remanded for further proceedings.

REVERSED.


LETTON, J., dissenting.

I think the instruction as to admissions was not erroneous under all the evidence in the case.

SEDGWICK, J., not having heard the argument, took no part in the decision.