LAFE BURNETT V. STATE OF NEBRASKA.

FILED FEBRUARY 28, 1911. No. 16,735.

1. **Criminal Law:** VERDICT: REVIEW. In a criminal prosecution, the determination of the credibility of the witnesses and the weight of the evidence being peculiarly within the province of the jury, a verdict of guilty, based upon sufficient competent evidence, will not be disturbed, even though this court may entertain doubt as to the correctness of the jury's finding.

2. Evidence examined and found to come within the foregoing rule.

3. Instructions given and refused, examined, and *held* no error.

ERROR to the district court for Phelps county: HARRY S. DUNGAN, JUDGE. *Affirmed.*

*Lafe Burnett* and *F. G. Hamer,* for plaintiff in error.

*Arthur F. Mullen, Attorney General,* and *George W. Ayres, contra.*

*Ritchie & Wolff, amici curiæ.*

FAWCETT, J.

This case is before us for a second time. A statement of the complaint and of the facts will be found in the opinion of BARNES, J., upon the former hearing. *Burnett v. State,* 86 Neb. 11. The former conviction was set aside upon questions of practice and error in the instructions, but, in addition thereto, the court had grave doubts as to the guilt of the defendant. Upon the second trial the defendant was again found guilty and sentenced to be confined for a term of 20 days in the county jail of Phelps county. While we still entertain doubt as to the defendant's guilt, yet, two juries having passed upon the credibility of the witnesses and the weight of the evidence and found the defendant guilty, we do not now feel justified in substituting our estimate of the same for that of the jury. It will serve no good purpose to set out the evidence in detail. There is sufficient testimony in the record to sustain a verdict either way.

While it seems clear to us that behind this prosecution is the husband of the alleged paramour of the defendant, who evidently thinks that a conviction in this case may aid him in litigation between himself and said alleged paramour, who is his wife, over property of which she claims he has defrauded her, after having first secured her confinement in an insane asylum when she was not insane, and who has manifested his vindictiveness by employing private counsel to assist in the prosecution of defendant, notwithstanding the fact that the county of Phelps has an able county attorney and the state has an able attorney general, either of whom is abundantly able to take care of the prosecution; and, while there are many circumstances in the case which tend strongly to corroborate defendant's assertion of innocence, yet there is sufficient testimony upon the part of the state to sustain the conviction. The determination of these questions being for the jury, we must, however reluctantly, accept the jury's verdict. If the prosecuting witness is actuated by

the thought above indicated, he is in error, as the conviction of defendant in this case will have no weight with the court in determining the questions involved in the litigation between the witness and his wife.

We have carefully examined the instructions both given and refused, and find no error. The presiding judge seems to have given the defendant a fair trial. The result to the defendant is unfortunate, but we see no way of giving him relief without invading the province of the jury. This we do not feel at liberty to do.

The judgment of the district court is therefore

AFFIRMED.

LETTON and ROOT, JJ., concur in the conclusion.