HERMAN WEBB DUKER *v.* STATE OF MARYLAND.
[No. 26, April Term, 1932.]

*Decided May 12th, 1932.*

The cause was argued before BOND, C. J., URNER, ADKINS, DIGGES, PARKE, and SLOAN, JJ.

*Hilary W. Gans* and *Emory H. Niles,* for the appellant.

*G. C. A. Anderson, Assistant Attorney General,* and *J. Bernard Wells, Deputy State's Attorney for Baltimore City,* with whom were *Wm. Preston Lane, Jr., Attorney General,* and *Herbert R. O'Conor, State's Attorney for Baltimore City,* on the brief, for the State.

The opinion was delivered *per Curiam.*

Upon an indictment for murder, the appellant pleaded guilty, and after hearing the evidence, which was not disputed, the trial court found him guilty of murder in the first degree; and the propriety of that finding is not disputed. Sentence of death was imposed under the provision of the Code, art. 27, sec. 403, that every person convicted of murder in the first degree shall suffer death or undergo confinement in the penitentiary of the state for the period of his natural life, in the discretion of the court before whom such person may be tried. And the legality of the sentence is not, and cannot be, disputed. The appellant, however, subsequently filed in the trial court a motion to strike out the judgment and sentence on the ground that the trial court reasoned erroneously and drew unwarranted conclusions from evidence

which it received to guide its discretion in determining which of the statutory penalties should be imposed. The evidence was upon a contention of the appellant's counsel that, while legally sane, and responsible for his acts, the appellant had deficiencies which required the selection for him of the more lenient sentence of life imprisonment. And it is contended that, in its reasoning and conclusions upon this evidence, the trial court abused the discretion imposed in it by the statute. The appeal is from an order overruling the motion, and on behalf of the State a motion to dismiss the appeal has been made in this court. The court is clear in its opinion that it is given no power to consider an objection such as that now made to the trial court's action.

The objection is not that the trial court failed to receive and consider any proper motion or contention, with the evidence on which it was grounded. *Washington, B. & A. R. Co. v. Kimmey,* 141 Md. 243, 250, 118 A. 648; *Lee v. State,* 161 Md. 430, 157 A. 723. The motion and all the evidence were received and considered at repeated hearings. The objection comes later, and is only to the reasoning announced by the court as that which went to form its decision. It is, more succinctly, an objection to the decision. And this court has no power to review that reasoning, and set aside the sentence if it should find any error in the process. In that, there can be no abuse of discretion to be reviewed by the appellate court. The sentence was of undeniable legality, imposed by the tribunal to which alone the law looks for the decision as between the two alternative penalties, and this court could not interfere with it on the ground urged without usurping the functions of the court of original jurisdiction.

Failure of the trial court to ask the prisoner whether he had anything to say before sentence should be imposed upon him is remarked in argument, but not urged as reversible error. It is settled that it is not ground for reversing a sentence in this state. *Dutton v. State,* 123 Md. 373, 383, 91 A. 417.

A motion to strike out a sentence or judgment is a permitted proceeding, and an appeal to this court lies from an order overruling such a motion (*Dutton v. State,* 123 Md. 373, 378, 91 A. 417; *Miller v. State,* 135 Md. 379, 382, 109 A. 104); and lack of sufficient ground for interfering with the order requires in this court an affirmance of it, rather than a dismissal of the appeal.

*Motion to dismiss the appeal overruled, and order affirmed, with costs to the appellee.*