JACK GUERIN V. STATE OF NEBRASKA.

295 N. W. 274

FILED DECEMBER 10, 1940.   No. 31011.

*Henry R. Meissner* and *Anderson & Meissner,* for plaintiff in error.

*Walter R. Johnson, Attorney General,* and *Don Kelley, contra.*

Heard before SIMMONS, C. J., ROSE, EBERLY, PAINE, CARTER and MESSMORE, JJ., and TEWELL, District Judge.

EBERLY, J.

The plaintiff in error, Jack Guerin, herein referred to as defendant, aged twenty-five years, was convicted and

sentenced to be imprisoned for the period of fifteen years in the Nebraska state penitentiary, upon an information, duly presented by the county attorney for Douglas county, Nebraska, which, omitting formal parts, charged and set forth, viz.: "That on or about the 5th day of November in the year of our Lord one thousand nine hundred thirty-nine Jack Guerin late of the county of Douglas aforesaid, in the county of Douglas and state of Nebraska aforesaid, then and there being, then and there in and upon one Dorothy Beasley unlawfully, feloniously and violently did make an assault, and her, the said Dorothy Beasley, then and there unlawfully, feloniously, forcibly, violently and against her will, feloniously did ravish and carnally know, she, the said Dorothy Beasley, then and there not being the sister or daughter of him, the said Jack Guerin."

From the judgment of the district court overruling his motion for a new trial, the defendant prosecutes error to this court.

The defendant challenges the information upon which he was tried and convicted because of improper joinder therein of a charge of rape with a charge of assault with intent to commit rape.

A charge of rape necessarily includes a charge of assault to commit rape, for "the crime of rape cannot be committed without an assault with that intent. The latter is necessarily included in the greater crime." *Dawson v. State*, 96 Neb. 777, 148 N. W. 957. See, also, Comp. St. 1929, sec. 28-408.

It is therefore obvious that defendant's substantial rights have not been seriously impaired. It may be said, however, that the form of charge here employed has been approved as proper and sufficient for more than half a century in the courts of this state. Maxwell, Criminal Procedure (2d ed.) 239.

The defendant also challenges the correctness of the proceeding and insists that the court committed reversible error in failing to instruct on the subjects of assault and battery and simple assault. The record of the proceedings had in the district court in this case, however, fails to dis-

close that any request for such instructions was made by the defendant during the trial. In the absence of a request, it is not error for the court not to instruct on assault and battery and simple assault, where the defendant is on trial for rape. *Dawson v. State,* 96 Neb. 777, 148 N. W. 957; *Beer v. State,* 129 Neb. 366, 261 N. W. 824; *Williams v. State,* 113 Neb. 606, 204 N. W. 64; *McIntyre v. State,* 116 Neb. 600, 218 N. W. 401.

The defendant further asks for a new trial in his brief filed in this court because he states therein that, after the cause had been tried, argued and submitted to the trial jury, in the absence of counsel for the state and also counsel for defendant, the jury were returned to the court and further instructed by the trial judge. However, no substantiation of this charge is to be found in either the transcript or the bill of exceptions, which constitute the record for review in this case. Neither is there any reference to it in defendant's motion for a new trial. The "record for review" imports absolute verity and can in no manner be altered or added to through the medium of trial briefs. In addition, reviewing courts will not consider alleged errors in the giving of an instruction which were not assigned in the motion for a new trial. *Ball v. State,* 122 Neb. 690, 241 N. W. 273; *Barr v. City of Omaha,* 42 Neb. 341, 60 N. W. 591.

Further, defendant attacks the sufficiency of the evidence to sustain the verdict. It would accomplish no good purpose to set out the evidence in this case. An examination of it discloses that the complaining witness was amply corroborated, and the testimony as an entirety, though conflicting, sustains the verdict of the jury. In this connection it will be remembered that this court has announced the rule that, "Where the evidence in a criminal case is acutely conflicting, and from its consideration different minds may reasonably arrive at different conclusions, the weight to be given thereto is a question for the jury." *Norton v. State,* 119 Neb. 588, 230 N. W. 438.

This court has also approved the doctrine that, "The

credibility of witnesses is alone for the jury, and the interest of any witness is proper to be considered in weighing his testimony." *Clary v. State,* 61 Neb. 688, 85 N. W. 897. See, also, *Burnett v. State,* 88 Neb. 638, 130 N. W. 263.

We have concluded, however, that the sentence of fifteen years imposed on the defendant is excessive. The defendant is a young man, twenty-five years of age at the time of the offense, and so far as the record shows was industrious and of fair character, the present being the only charge of a criminal nature ever brought against him. While the present charge is one of the most heinous known to statute or moral law, and admits of no excuse, still the previous character of the defendant, the extent of the actual physical injuries sustained by the prosecuting witness, and all of the surrounding circumstances are matters to be taken into consideration in determining the selection of penalty between a minimum of three years and a maximum of twenty years, as prescribed by section 28-408, Comp. St. 1929. So doing, this court concludes that a sentence of five years will meet the requirements of justice.

The judgment of the district court is, therefore, modified and the sentence reduced to five years at hard labor, and, as thus modified, is affirmed.

AFFIRMED: SENTENCE REDUCED.