VERNON F. WEINECKE *v.* STATE OF MARYLAND

[No. 93, October Term, 1946.]

*Decided March 19, 1947 .*

The cause was argued before MARBURY, C. J., DELA-PLAINE, GRASON, HENDERSON, and MARKELL, JJ.

*Paul B. Mules* for the appellant.

*Richard W. Emory, Deputy Attorney General,* with whom were *Hall Hammond, Attorney General,* and *John Grason Turnbull, State's Attorney for Baltimore County,* on the brief, for the appellee.

GRASON, J., delivered the opinion of the Court.

On September 23, 1946, the Grand Jury for Baltimore County returned to the Circuit Court for that county an indictment containing three counts, which charged the traverser with the following crimes: First count: Assault with intent to commit rape; Second count: Assault with intent to have carnal knowledge of a woman child under the age of fourteen years; Third count: Common assault. On September 25, 1946, he was arraigned and pleaded not guilty.

The case came on for trial on October 11, 1946, Judges Cobourn and Murray presiding. At that time he was represented by counsel. On that day the traverser withdrew his plea of not guilty and entered a plea of guilty, whereupon testimony was taken in open court. The prosecutrix was examined by the State and cross-examined by counsel for traverser. Other witnesses were called by the State, including the doctor who examined the prosecutrix on August 12, 1946, the day that the crime was committed, as well as Sergeant Young of the Baltimore County police force. This officer procured statements from the accused, which were offered as exhibits 1 and 2. The traverser then offered his wife, his mother, and Mrs. Canoles as character witnesses. A report of Dr. George W. Preston, Commissioner of Mental Hygiene, was offered to the court, in which the doctor gave his opinion as follows: "This man knows the difference between right and wrong and appreciates the nature and consequences of his acts. He gives no sign of any mental illness. In the opinion of the examiner he must be considered sane."

The appellant contends, in effect, that it is not a crime in this State to attempt to rape a girl under fourteen years of age. Article 27, Section 13, 1943 Supplement to Flack's Code 1939, provides:

1. "Every person convicted of the crime of an assault with intent to have carnal knowledge of a female child under the age of 14 years, * * * shall be sentenced to

confinement in the Maryland Penitentiary for not less than two years or more than ten years * * *.

2. "Every person convicted of the crime of an assault with intent to commit a rape shall be guilty of a felony and shall be punished with death, or, in the discretion of the Court, he shall be sentenced to confinement in the Penitentiary for the period of his natural life, or he shall be sentenced to confinement in the Penitentiary for not less than two years nor more than twenty years; provided, however, that the jury before whom any person indicted for the crime of an assault with intent to commit a rape shall be tried, if they find such person guilty thereof, may add to their verdict the words 'without capital punishment,' in which case the sentence of the court shall not exceed twenty years in the Penitentiary, and in no case where a jury shall have rendered a verdict in manner and form as hereinbefore prescribed, 'without capital punishment,' shall the court in imposing the sentence, sentence the convicted party to pay the death penalty or to be confined for more than twenty years in the Penitentiary."

It is argued that the statute does not provide a different or greater punishment for assault with intent to have carnal nowledge of a female child under age of fourteen without her consent than with her consent. That is, if a woman child under the age of fourteen resists her assailant. the crime which he commits is no greater than if she did not resist. In other words, the contention is that inasmuch as the statute making it a crime to attempt to have carnal knowledge of a female child under fourteen omitted the words "with her consent" the punishment, if the assault is resisted, is the same as if the assault is not resisted by the girl. In legal effect, therefore, the offense charged in the first count is the same offense charged in the second count. This being so, then the crime of an assault with intent to commit a rape, provided by the statute, does not apply in a case where the female is under fourteen. Therefore, the sentence of death in this case is unlawful and

the appellant could not have been sentenced for more than ten years in the penitentiary. A different construction of the statute, it is urged, would be in violation of the rule that penal statutes are strictly construed in favor of the defendant. On the question of statutory construction the appellant quotes *Snitkin v. United States*, 7 Cir., 265 F. 489, as well as *Sutherland on Statutory Construction*, 3d Ed., by Horack, Vol. 3, Section 5604. He cites *Rau v. State*, 133 Md. 613, 614, 105 A. 867. This case is not in point, as it dealt only with questions of evidence. These are the only authorities cited by appellant.

In *Fizell v. State*, 25 Wis. 364, the Court dealt with the Wisconsin statute. One section made it a crime to ravish and carnally know any female of the age of ten years or more by force and against her will; another made it a crime to unlawfully know and abuse any female child under the age of ten years. Rev. St. 1858, Chap. 164, Secs. 39, 40. It was contended that "it is a legal anomaly to charge the defendant with an assault with intent to commit rape upon a female child under ten years of age, who, in law, has neither power to resist nor assent thereto."

The Court said: "The crime * * * of unlawfully knowing and abusing a female child under the age of ten years, is also rape. 'If the party assaulted be above the age of ten years, then, to constitute the offense of rape, the act must have been committed by force and against her will. But, if it be upon a child under the age of ten years, it is alike punishable under the statute, whether committed with the consent or against the will of the female child.' This is the language of the Supreme Court of Massachusetts in *Commonwealth v. Sugland*, 4 Gray 7, while construing a statute substantially like our own, and we have no doubt the exposition is sound and in accordance with the intention of the legislature. See also *Stephen v. State*, 11 Ga. 225, 226; and *Hays v. People*, 1 Hill 351."

The Wisconsin statute also provided: "If any person shall assault any female with intent to commit the crime

of rape, he shall be punished by imprisonment in the state prison, not more than ten years nor less than one year." Rev. St. 1858, Chap. 164, Sec. 41.

In that case the indictment charged the traverser with the crime of assault with intent to rape a female child under the age of ten years.

The same contention made in the Wisconsin case is made in the case at bar. That court sustained a conviction and sentence under an indictment charging assault with intent to commit the crime of rape upon a female child under ten years of age, even though a different section of its statute made it a crime for any person to unlawfully know and abuse a female child under ten years of age. Our statute makes it a crime to "assault with intent to have carnal knowledge of a female child under the age of 14 years," and in this case there was a conviction under the first count in the indictment, which charged assault with intent to rape.

In judging whether crimes set up in different counts of an indictment are the same, the Court will determine whether each count so set up constitutes the same elements and would require the same evidence to convict. If such is the case, then the counts charge the same crime, but if such is not so, the counts would charge a different crime. Under the crime charged in the second count of the indictment in this case, it is not necessary to aver and prove that the attempt was made with force. The law protects a young girl against herself by making her incapable of consenting to the act. To constitute the crime of an assault with intent to rape, the indictment must charge force, and the proof must establish, beyond a reasonable doubt, that the attempt was committed with force, to justify a conviction. See *Snitkin v. U. S., supra,* point 4; *U. S. v. Rick,* D. C. Mun. App., 48 A. 2d 614. The offense charged in the first count and the offense charged in the second count are distinguished by the element of force.

We hold that the crime of assault with intent to rape, charged in the first count of the indictment, is different

from the crime of assault with intent to have carnal knowledge of a female child under fourteen, charged in the second count of the indictment.

The appellant contends that he is being deprived of his life in violation of Article 23 of the Maryland Declaration of Rights. The record in this case shows that the appellant was represented by counsel; that he freely and voluntarily withdrew his plea of not guilty and pleaded guilty; that the Court heard the testimony of witnesses for the State and exhibits offered by the State, without objection by traverser, as well as evidence on behalf of the traverser. The Court then pronounced sentence. Under these circumstances it cannot be said that the appellant was deprived of due process of law.

The propriety of the sentence imposed is not before us. It is not within our power to pass upon it, except as to its legality. If the sentence was too severe, under all the circumstances of the case, the appeal of that question is not here. *Taylor v. State,* 187 Md. 306, 49 A. 2d 789; *Walker v. State,* 186 Md. 440, 47 A. 2d 47, at page 48.

*Judgment affirmed, without costs.*