## ROSS J. ABBOTT *v.* STATE OF MARYLAND

[No. 103, October Term, 1946.]

*Decided April 18, 1947.*

The cause was argued before MARBURY, C. J., DELA-PLAINE, COLLINS, GRASON, HENDERSON, and MARKELL, JJ.

*Melvin S. Silberg* and *Lawrence E. Williams* for the appellant.

*J. Edgar Harvey, Assistant Attorney General,* with whom were *Hall Hammond, Attorney General, Prentiss W. Evans, State's Attorney for Somerset County,* and *Calvin Harrington, Jr., State's Attorney for Dorchester County,* on the brief, for the appellee.

HENDERSON, J., delivered the opinion of the Court.

This appeal is from a judgment of the Circuit Court for Dorchester County, in a case removed from Somerset County, wherein the appellant was found guilty of murder in the first degree and sentenced to be hanged, after he had pleaded guilty, generally, to an indictment for

murder. The appellant contends that the evidence produced before the court did not establish murder in the first degree beyond a reasonable doubt, and asks this Court to find that he was guilty of murder in the second degree. The State contends, on the other hand, that the finding was fully supported by the evidence, but that in any event this Court is not authorized to review the evidence to determine the degree of murder after a plea of guilty.

Section 475, Article 27 of the Code, chapter 138, Acts of 1809, provides that "all murder which shall be perpetrated by means of poison, or lying in wait, or by any kind of wilful, deliberate and premeditated killing shall be murder in the first degree." Section 479 provides that "All other kinds of murder shall be deemed murder in the second degree." These sections do not create new offenses, but merely divide the common law crime, and mitigate the punishment in cases of the second degree. *Davis v. State,* 39 Md. 355. Section 480 provides that "the jury before whom any person indicted for murder shall be tried shall if they find such person guilty thereof ascertain in their verdict whether it be murder in the first or second degree; but if such person be convicted by confession, the court shall proceed, by examination of witnesses, to determine the degree of the crime, and to give sentence accordingly * * *." Such provisions are not uncommon, and have been held not to violate the requirements of due process. *Hallinger v. Davis,* 146 U. S. 314, 13 S. Ct. 105, 36 L. Ed. 986.

There were no objections taken to any action of the trial court, no motions were made, and there are no rulings of the trial court before us for review. After the plea of guilty, the court heard evidence produced by counsel for the State and the accused as to the circumstances under which a young girl was shot three times by her rejected suitor on the beach at Deal's Island. The appellant contends that the evidence was legally insufficient to show that the killing was deliberate and premeditated, and that the court's determination of the degree of the crime, in the exercise of its statutory duty,

is erroneous and reviewable, although he concedes that the legal sufficiency of evidence to convict and determine the degree of the crime would not have been reviewable if the trial had been before a jury, or by the court sitting as a jury, on a plea of not guilty.

It is settled law in Maryland that this Court will not pass upon the legal sufficiency of evidence to convict in a criminal case, where the case is tried before a jury. *Brack v. State,* 187 Md. 542, 51 A. 2d 171; *Simmons v. State,* 165 Md. 155, 176, 167 A. 60; *Bloomer v. State,* 48 Md. 521, 538. The rule was formulated, in the absence of other provision by statute, as a corollary to the constitutional provision, Sec. 5, Art. 15, Constitution of 1867; Sec. 5, Art. 10, Constitution of 1851, declaring that in criminal cases the jury shall be the judges of the law as well as the fact. The appellate court in Indiana reached an opposite conclusion, under an identical constitutional provision adopted in the same year (1851). *Trainer v. State,* 198 Ind. 502, 154 N. E. 273. Our provision was said to have been merely declaratory of the pre-existing law. *Franklin v. State,* 1858, 12 Md. 236; compare *State v. Buchanan,* 1821, 5 Har. & J. 317, 9 Am. Dec. 534. For a summary of the authorities dealing with the doctrine, see *Sparf v. United States,* 156 U. S. 51, 715, 15 S. Ct. 273, 39 L. Ed. 343, and *Howe,* 52 Harvard Law Review 582.

It is also settled law in this State that an accused may elect to be tried by the court without a jury. *Rose v. State,* 177 Md. 577, 10 A. 2d 617; *Rawlings v. State,* 2 Md. 201, 214. In such event, our statute provides that the court shall "try the law and the facts." Code, Art. 27, Sec. 636, ch. 144, Acts of 1809; compare ch. 57, Acts of 1793. By analogy to the constitutional provision, as construed, it has been repeatedly held that this Court will not pass upon the legal sufficiency of evidence to convict in a criminal case, where the case is tried before the court. *Demby and Peters v. State,* 187 Md. 7, 48 A. 2d 586; *Bright v. State,* 183 Md. 308, 38 A. 2d 96; *Smith v. State,* 182 Md. 176, 188, 32 A. 2d 863; *Meyerson v. State,* 181 Md. 105, 28 A. 2d 833; *Berger v. State,* 179 Md. 410, 20

A. 2d 146; *Folb v. State*, 169 Md. 209, 211, 181 A. 225. Compare *Bernard v. Warden*, 187 Md. 273, 49 A. 2d 737. These decisions stem from a *dictum* in the case of *League v. State*, 36 Md. 257; but see *Davidson v. State*, 77 Md. 388, 26 A. 415.

We find nothing in the language of section 480 of Article 27, Chapter 138, Acts of 1809, quoted above, to indicate an intention on the part of the legislature to make reviewable by this Court a finding of the trial court as to the degree of a crime. Statutes in some other states accomplish this purpose, but in such statutes nothing is left to implication. Compare *People v. Howard*, 211 Cal. 322, 295 P. 333, 71 A. L. R. 1385.

Moreover, as pointed out in *Davis v. State, supra*, 39 Md. 355, 374, the statute deals with murder "as a general denomination. * * * Its common law sense is left unimpaired; the measure of punishment only is sought to be graduated according to the circumstances under which it was committed." In fixing the sentence, or the extent of punishment, the matter rests solely with the trial court and is not subject to appellate review. *Taylor v. State*, 187 Md. 306, 49 A. 2d 787; *Walker v. State*, 186 Md. 440, 47 A. 2d 47; *Duker v. State*, 162 Md. 546, 160 A. 279. The only appeal is to the executive for clemency. In *Murphy v. State*, 184 Md. 70, 82, 40 A. 2d 239, 244, this Court said: "The rule is well settled that where the court must determine the punishment to be imposed, either on the finding of the jury or on a plea of guilty, it is proper for the court to hear evidence, by affidavit or otherwise, in aggravation or mitigation of punishment." It was there held that the court did not abuse its discretion in considering evidence of previous crimes in fixing sentence in a rape case, after a finding of guilt, and that the sentence, being of undoubted legality, was not subject to review. These cases are not directly in point, but insofar as the finding of degree measures the punishment, there is a close analogy.

To the extent that the finding is one that would have been conclusive in the event of a jury trial, we think it

315

should be equally conclusive where the determination rests with the trial court under the provisions of section 636, Article 27, or section 480 of Article 27 of the Code. These statutes were adopted in the same year, 1809, and have remained without substantial change. Insofar as they deal with different aspects of the same subject-matter, they are in *pari materia* and should be construed together.

Since we hold that the finding of the degree of the crime by the trial court is final and not subject to review by this Court, it would serve no useful purpose to state the facts developed by the testimony, or to discuss the conclusions of law that might be drawn therefrom. The appeal must be dismissed.

*Appeal dismissed, without costs.*