MILTON HERRING *v.* STATE OF MARYLAND

[No. 13, October Term, 1947.]

*Decided November 3, 1947.*

The cause was argued before MARBURY, C. J., and DELAPLAINE, COLLINS, HENDERSON, and MARKELL, JJ.

*Dwight Stover* and *Earl Edmund Manges* for the appellant.

*Hall Hammond, Attorney General,* and *J. Edgar Harvey, Assistant Attorney General,* for the appellee.

MARBURY, C. J., delivered the opinion of the Court.

The appellant was indicted in Garrett County for that he "on or about the twenty ninth day of June, in the year nineteen hundred and forty five, at Garrett County aforesaid, in and upon the body of Sarah J. Shultz unlawfully did beget a certain Male illegitimate child, which said Male illegitimate child was afterwards, towit: on the twenty ninth day of March, in the year nineteen hundred and forty six, at Garrett County aforesaid, born alive of the body of her, the said Sarah J. Shultz, its mother, and is still alive with her, the said Sarah J.

Shultz at the time of the taking of this inquisition, at Garrett County aforesaid, and that the said Milton Herring is the father of the said illegitimate child." He was tried before the Court, found guilty, and ordered to give bond to pay the sum of $7 per month until the child should arrive at the age of 16 years, and further pay the sum of $150 expenses incurred by the mother of the child during her confinement. During the course of the testimony of the complaining witness, she testified that she had intercourse with the appellant on the 29th day of June at his home in Marklesburg, Pennsylvania. She also testified that she had frequent intercourse with him and was with him practically every Wednesday and every Saturday in June. On the strength of the specific testimony about the 29th day of June, which is the date of the fornication set out in the indictment, the appellant made a motion to quash the indictment, because the intercourse took place in Pennsylvania. The court overruled that motion, and that ruling is the sole ground for the appeal here.

The appellant's contention is based upon cases holding that the object of the bastardy law is to punish persons guilty of fornication. These cases are *Owens v. State,* 10 Md. 168; *Sheay v. State,* 74 Md. 52, 21 A. 607, and *State v. Hardesty,* 132 Md. 172, 103 A. 461. Irrespective of this question, however, it has been decided by this Court in a number of cases, that it cannot pass upon the legal sufficiency of evidence to convict in a criminal case, either where trial is by jury or, as in the case before us, where the trial is by the court sitting without a jury. These cases and their origin are fully discussed by Judge Henderson, speaking for this Court, in the late case of *Abbott v. State,* 188 Md. 310, 52 A. 2d 489. No good purpose will be served by a repetition of the authorities. There was evidence in the case before us from which the court could have found the defendant guilty, and no question of due process appears.

A motion to quash an indictment is necessarily for defects appearing on the face of that instrument. It is not claimed, however, that there is any defect in the

indictment in this case, and the purpose of the motion was obviously different from its form. In reviewing it, we will look to its real character. *Brack v. State,* 187 Md. 542, 51 A. 2d 171. It appears to have been intended as a motion for the court to instruct itself that there was no legally sufficient evidence to justify a conviction. This procedure has been tried before this Court under similar circumstances, and this Court has fully discussed it. We held that the insufficiency of the evidence cannot be submitted to the trial court as a question of law. *Deibert v. State,* 150 Md. 687, 133 A. 847. See also *Leister v. State,* 136 Md. 518, 111 A. 78. Such a question can be raised upon a motion for a new trial, but that is not reviewable by this Court. It cannot be raised by a motion in arrest of judgment, or a motion to strike out the verdict and judgment. *Willie v. State,* 153 Md. 613, 139 A. 289. There is nothing, therefore, before this Court which we are authorized to consider, and the judgment of the lower court must be affirmed.

*Judgment affirmed, with costs.*