NEWTON *v.* STATE

[No. 157, October Term, 1948.]

*Decided May 19, 1949.*

The cause was argued before MARBURY, C. J., DELA-PLAINE, COLLINS, HENDERSON, and MARKELL, JJ.

*Robert W. McCullough* for the appellant.

*Harrison L. Winter, Assistant Attorney General,* with whom were *Hall Hammond, Attorney General,* and *A. Gwynn Bowie, State's Attorney for Prince George's County,* on the brief, for the appellee.

HENDERSON, J., delivered the opinion of the Court.

Henry Douglas Newton was indicted, tried and convicted in the Circuit Court for Prince George's County of receiving stolen goods, and sentenced to two years in the Maryland House of Correction. After motions for a new trial and for "reconsideration and modification of sentence" were overruled, he appeals here. It is stipulated that the only question to be raised on appeal is whether there was evidence sufficient for the court to find that the stolen goods received by the appellant were "over the value of $25.00", as alleged in the indictment.

It was admitted that in the early morning of May 31, 1948, the store of Charles Lampkin was broken into and some $800 worth of whiskey, of standard brands, was taken. About 4 A. M. Newton and a companion sold four bottles, each containing one-fifth of a gallon, of this same whiskey to a witness, Cully, for $10.00, out of a sack containing other bottles of an unspecified number. The court indicated, in its opinion, that it inferred from the testimony that the contents of the sack were worth more than $25.00. The appellant contends that this inference was unwarranted; that the indictment was based upon sec. 548, Art. 27 of the Code, carrying a maximum penalty of ten years, not under sec. 549 of Art. 27, carrying a maximum penalty of eighteen months.

The record is utterly devoid of objection to any ruling of the court prior to the judgment and sentence. *Cf. Davis v. State,* 189 Md. 269, 55 A. 2d 702. We have repeatedly held that a ruling upon motion for a new trial is not reviewable. *Wilson v. State,* 181 Md. 1, 26 A. 2d 770. Nor can we review a sentence. *Walker v. State,* 186 Md. 440, 47 A. 2d 47. But in any event, it is perfectly clear that we cannot review the legal sufficiency of the evidence. In *Thompson v. State,* 184 Md. 555, 559, 42 A. 2d 113, 116, where objection was made to a question put to a witness as to the value of stolen gasoline, we said: "It was necessary for the State to show the value of the gasoline because there are two classes of offenses of receiving stolen goods. * * * The argument made by the appellant on this exception is not to the asking of this question, but to the sufficiency of the proof of the value of the gasoline. But that is a matter for the jury. We cannot pass upon the sufficiency of the evidence in a criminal case." See also *Slansky v. State,* 192 Md. 94, 63 A. 2d 599; *Hill v. State,* 190 Md. 698, 59 A. 2d 630; *Abbott v. State,* 188 Md. 310, 52 A. 2d 489; *Delcher v. State,* 161 Md. 475, 158 A. 37.

*Appeal dismissed, with costs.*