REID *v.* STATE

[ No. 159, October Term, 1951.]

*Decided May 7, 1952.*

*Rehearing denied June 10, 1952.*

*Memorandum on Motion for Rehearing filed June 10, 1952.*

The cause was argued before MARBURY, C. J., and DELAPLAINE, COLLINS, HENDERSON and MARKELL, JJ.

*Harold Buchman* for the appellant.

*A. T. Hartman, Assistant Attorney General,* with whom was *Hall Hammond, Attorney General, John E. Raine, Jr., State's Attorney for Baltimore County, John J. Brennan, Assistant State's Attorney,* and *Frank H. Newell, Assistant State's Attorney,* on the brief, for the appellee.

MARBURY, C. J., delivered the opinion of the Court.

Appellant was convicted of rape before two judges, sitting without a jury, in the Circuit Court for Baltimore County. He was sentenced to be hanged. The testimony was concluded at 11:15 A. M., and the court

recessed. The judges returned forty-three minutes later, rendered a verdict of guilty, and imposed the death sentence. Appellant was then (but not now) represented by counsel appointed by the court, a well-known and capable lawyer of the Baltimore County bar. No request was made for any investigation by the Probation Department, and no such investigation was asked for by the court, nor was there any psychiatric or medical examination asked for or made. On account of these facts, the appellant claims that there was a serious abuse of discretion by the court, that the sentence should be reversed and the case remanded for further investigation and for the imposition of a new sentence after such investigation.

The imposition of sentence in a criminal case in this State is a matter peculiarly within the province of the trial judge who hears the case and sees the witnesses and the accused. It is not cruel and unusual punishment if it is within the statutory limits prescribed for the crime of which the accused is found guilty, and the trial court alone has the right to determine the penalty within these limits. *Dutton v. State,* 123 Md. 373, 91 A. 417. *Duker v. State,* 162 Md. 546, 160 A. 279. *Walker v. State,* 186 Md. 440, 47 A. 2d 47. *Taylor v. State,* 187 Md. 306, 49 A. 2d 787. *Weinecke v. State,* 188 Md. 172, 52 A. 2d 73. *Abbott v. State,* 188 Md. 310, 52 A. 2d 489. *Newton v. State,* 193 Md. 200, 66 A. 2d 473. *Heath v. State,* 198 Md. 455, 85 A. 2d 43. The sentence in the case before us is within the statutory limit. Code, Article 27, Sec. 544. We have been referred to several cases from other jurisdictions which allow their appellate courts to review sentences. Among these cases are *Haynes v. State,* 137 Neb. 69, 288 N. W. 382; *Guerin v. State,* 138 Neb. 724, 295 N. W. 274; *Hulsey v. State,* 65 Okla. Cr. 382, 87 P. 2d 1110; and *State v. Spears,* 130 Iowa 294, 106 N. W. 746. As we have pointed out, the law in this State is different, and we have no such power, so that the decisions in these cases are not authority for our taking any such action.

Where the punishment is grossly and inordinately disproportionate to the offense, "so that the sentence is evidently dictated not by a sense of public duty, but by passion, prejudice, ill-will or any other unworthy motive, the judgment ought to be reversed, and the cause remanded for a more just sentence." *Mitchell v. State,* 82 Md. 527, 534, 34 A. 246, 247. *Apple v. State,* 190 Md. 661, 668, 59 A. 2d 509. *Von den Bosch v. Swenson,* 194 Md. 715, 70 A. 2d 599. The reports of this court disclose no case in which such action has ever been taken by it. In the case of *Coates v. State,* 180 Md. 502, 25 A. 2d 676, a nineteen-year-old boy was the defendant in nine separate indictments, to some of which he plead guilty, and on others of which he was tried before the court. He was sentenced to ten years in each of the nine cases, to run consecutively, making a total of ninety years. He was not given counsel, and there was no cross-examination of any witnesses. We said in that case: "The sentence of ninety years may well be considered as a sentence for life and the proceedings in these cases seem too superficial and hurried to serve as foundation for life imprisonment." We reversed the judgments and sent the cases back for a new trial, but this was because we thought that, under all the circumstances, the requirements of due process had been violated by the nonappointment of counsel. The length of the total sentences was only one of the factors influencing us in reaching that conclusion.

In the case before us, we see no occasion to hold that the punishment comes within the exception suggested by *Mitchell v. State, supra.* The crime was an atrocious one, apparently without any mitigating circumstances, and there is nothing in the record to show that the appellant was imbecilic or moronic, or that there was any need for a psychiatric examination. He contends that such an examination should be made in all sex cases, and cites in support of this theory various Law Review articles. There is, however, no such rule of law in this State. The Legislature has left to the trial judges the

right to determine what is the proper punishment within the statutory limits, and, in assessing that punishment, the judges have ample authority, if they think it advisable, to have such examinations, mental and otherwise, as they think necessary, made of the accused. In the case before us, the judges, after deliberating forty-three minutes, evidently saw no reason to get any further information about the appellant, and we cannot say that such decision was dictated by anything but the exercise by the judges of the legitimate discharge of their duty.

Appellant points out that in the case of *Murphy v. State*, 184 Md. 70, 40 A. 2d 239, where the accused was convicted of rape and sentenced to death, we held that the court had a right to consider various additional facts showing something of the life, family, occupation, and record of the person about to be sentenced. We did not, however, say in that case that it was always necessary for a judge to get this extrinsic evidence. Whether it is advisable and necessary, or not, depends upon the circumstances of each case, and upon what the court has been able to find during the trial. We cannot reverse a judgment merely because the court did not avail itself of some extrinsic evidence. In the case before us, it is not suggested that there was any such evidence, and this argument on behalf of the appellant is based upon a psychiatric and not a legal theory of sex crimes.

Appellant is a Negro, and his victim was a fifteen-year-old white girl. This fact was called to the attention of the trial court by appellant's counsel in his remarks to the court at the conclusion of the case, when he asked the court to give a less sentence than the one imposed because the appellant had no prior convictions, was married, had two children, and was only twenty-five years of age. Whether or not the reason counsel made the remark he did was to impress the court by his frankness while requesting leniency, we cannot find that the appellant was prejudiced thereby, because it was a fact apparent to the court. Appellant, however, calls this "a particularly violent expression of white chauvinism",

and says that counsel was "stating the mores of that white community". He points out that, by an article in the *Journal of Criminal Law, Criminology and Police Science,* it is stated that of the eighteen states providing for the capital punishment of rape, thirteen are "Southern States", east of the Mississippi River, and the remaining five states are all west of the Mississippi River. The writer gives as the most plausible explanation of this phenomenon the fact that these were for the most part slave states and have always contained a large percentage of Negro population. Based upon these considerations, appellant attempts to claim that he has been in some measure the victim of race consciousness. We cannot so find. The statute providing punishment for the crime of which he was convicted permits the same punishment for an aggressor of any race, without regard to the race to which the victim belongs. We can reach no such conclusion as the appellant seeks to impress upon us.

We have no authority to reverse the sentence in this case, and, therefore, the judgment will be affirmed.

*Judgment affirmed.*

MEMORANDUM ON MOTION FOR REHEARING
MARBURY, C. J.

Appellant has moved for rehearing on the theory that he was denied due process of law in the trial below. The grounds for this contention are the same as those set out in the brief and oral argument made in his behalf, but not before urged as constituting a denial of due process. We have, however, considered them in this light, and find that no such denial exists. The motion will be denied.