## BALDWIN *v.* WARDEN OF MARYLAND HOUSE OF CORRECTION

[H. C. No. 23, October Term, 1952.]

*Decided December 5, 1952.*

Before MARKELL, C. J., and DELAPLAINE, COLLINS and HENDERSON, JJ.

DELAPLAINE, J., delivered the opinion of the Court.

Stanley Baldwin, who was convicted in the Circuit Court for Anne Arundel County for breaking and entering and for larceny and was sentenced to the Maryland House of Correction for 18 months, is applying here for leave to appeal from refusal of a writ of *habeas corpus.*

Petitioner alleges that on January 16, 1952, he signed a waiver of the right to indictment by the grand jury, which would not meet until April, but that he did so on the request of the State's Attorney and on condition that he would be tried promptly. He further alleges that he was not tried until March 21 and that the State's Attorney caused him to spend more than two months in jail. He contends (1) that he was denied the right to a speedy trial, and (2) that his sentence should date from January 16, the time of his arrest, and not from March 21, the time of his conviction.

First, a prisoner cannot be released on *habeas corpus* after conviction merely because his trial was improperly delayed. *Ruben v. Welch,* 159 F. 2d 493.

Secondly, the imposition of sentence in a criminal case is a matter within the province of the trial court. The Court of Appeals generally has no right to determine the penalty within the statutory limits. *Reid v. State,* 200 Md. 89, 88 A. 2d 478. There is no law in this State requiring that a sentence shall date from the time of the defendant's arrest.

As petitioner has alleged nothing to justify his release on *habeas corpus,* his application must be denied.

*Application denied, with costs.*