## JONES *v.* STATE OF MARYLAND

[No. 442, September Term, 1966.]

*Decided October 10, 1967.*

*Motion for rehearing filed by appellant on October 25, 1967. Petition to file supplemental brief on behalf of the appellant filed on November 20, 1967; petition granted on November 21, 1967.*

The cause was argued before HAMMOND, C. J., and HORNEY, MARBURY, OPPENHEIMER and McWILLIAMS, JJ.

*Gerald N. Klauber* for appellant.

*Edward F. Borgerding, Asst. Attorney General,* with whom were *Francis B. Burch, Attorney General* and *Charles E. Moylan, Jr., State's Attorney for Baltimore City,* on the brief, for appellee.

HAMMOND, C. J., delivered the opinion of the Court.

The appeal is from a judgment and sentence of death in a rape case. The trial was before the court without a jury and the testimony convinced the trial judge "beyond any possible doubt" that the then seventeen-year-old Negro defendant had thrice committed "bloody and painful, and agonizing" rape on an eleven-year-old white girl who "has been suffering excruciating mental torture ever since."

The appellant does not suggest that the guilty verdict was

wrong or unjustified. He urges only that Judge Prendergast · abused his discretion in imposing the death penalty because the victim has physically recovered, the defendant is young and the psychiatrists who had examined him on behalf of the State and the psychiatrist he had selected to examine him, although unanimously agreeing that the youth was sane, recommended that the death penalty not be imposed and that confinement at Patuxent Institution be substituted.

Imposition of the penalty of death for rape does not violate the proscription of Article 16 of the Declaration of Rights of the Constitution of Maryland against cruel and unusual punishment. *Dutton v. State*, 123 Md. 373, 385. Almost always the matter of sentence in Maryland is within the province of the trial judge, and his choice, if it is within the limits of the law, will not be changed on appeal. The law on the point was precisely set out in *Reid v. State*, 200 Md. 89, 92-93:

> "The imposition of sentence in a criminal case in this State is a matter peculiarly within the province of the trial judge who hears the case and sees the witnesses and the accused. It is not cruel and unusual punishment if it is within the statutory limits prescribed for the crime of which the accused is found guilty, and the trial court alone has the right to determine the penalty within these limits .* * * The sentence in the case before us is within the statutory limit. * * * We have been referred to several cases from other jurisdictions which allow their appellate courts to review sentences. * * * As we have pointed out, the law in this State is different, and we have no such power, so that the decisions in these cases are not authority for our taking any such action.
>
> "Where the punishment is grossly and inordinately disproportionate to the offense, 'so that the sentence is evidently dictated not by a sense of public duty, but by passion, prejudice, ill-will or any other unworthy motive, the judgment ought to be reversed, and the cause remanded for a more just sentence.' *Mitchell v. State*, 82 Md. 527, 534, 34 A. 246, 247. *Apple v. State*, 190

Md. 661, 668, 59 A. 2d 509. *Von den Bosch v. Swenson*, 194 Md. 715, 70 A. 2d 599. The reports of this court disclose no case in which such action has ever been taken by it." See also *Merchant v. State*, 217 Md. 61, 70.

As was held in *Reid*: "In the case before us, we see no occasion to hold the punishment comes within the exception suggested in *Mitchell v. State, supra.*" Judge Prendergast deferred sentencing the appellant from April 6, the day of the trial, to May 26, noting that he delayed so that psychiatric reports could be made to him and so that his feeling of "revulsion and perhaps anger" on the day of trial would not influence his choice.

The appellant sought to persuade Judge Prendergast to reconsider the sentence by a supplementary report from the psychiatrist he had had examine him. That report in part said that the psychiatrist had reexamined the appellant on July 16, 1966, and

"* * * that although this man is sane in the strictly legal sense, there were factors completely beyond his willful control which contributed very heavily to the criminal acts.

"* * * I further believe that permanent institutionalization at Patuxent or the Penitentiary would safeguard the community. On the other hand, I think that in sentencing this man to death the community would be extracting revenge and retaliation from an individual who cannot be viewed as being completely responsible for his action.

"I sincerely request that your Honor will give due deliberation to the issue of protection of the community vs. uncalled revenge in the case of James Carroll Jones and alter the decision regarding the death sentence."

Judge Prendergast did not reconsider the sentence. The appellant later sought judicial review of his sentence under Maryland Rule 762 (which established the procedure for review of sentences as authorized by the Review of Criminal Sentences

Act, Chapter 288 of the Laws of 1966, §§ 132 to 138 of Art. 26 of the Annotated Code of Maryland (1966 Repl. Vol.)).

Judge Cullen, acting as Chief Judge of the Review Panel, held that the application for review could not be received, saying:

> "The Statute providing for Review of Sentence (Md. Code Art. 26, Sections 130-136) provides in Section 130 for the Review of Sentences imposed after July 1, 1966. Your sentence was imposed on May 26, 1966 and consequently this Court has no power to consider your application."

We agree that the application for review had to be denied. Section 132 of Article 26 of the Code (1966 Repl. Vol.) grants a right to review to every person (with exceptions not here applicable) "convicted of a crime after July 1, 1966." The appellant was convicted on April 6 and sentenced on May 26, 1966. Plainly, the right of review of sentence was not conferred on him. In addition, his application was filed on March 20, 1967, almost ten months after the imposition of sentence and some nine months after the adoption of Rule 762, even though § b 2 of Rule 762 provides that an application for review shall be made not later than thirty days after the imposition of sentence.

Although this Court and the Review panel lacked jurisdiction to review the appellant's sentence, Art. II, § 20 of the Constitution of Maryland gives the Governor the "power to grant reprieves and pardons" and under this provision and those of Code (1965 Repl. Vol.), Art. 41, § 120, many governors have commuted sentences. The court-appointed counsel for the appellant, who has so conscientiously and diligently sought to protect his client's interests, undoubtedly will find it appropriate to urge upon the Governor who has the power we lack as a basis for commuting the sentence to life imprisonment the various factors he urged upon us, such as the youth of the appellant, the views of the psychiatrists as to his deficiencies of character and emotion and his inability to have a review of sentence, which he would have had if his conviction had occurred several months after it did.

*Judgment and sentence affirmed.*