## JONES *v.* STATE OF MARYLAND

[No. 442, September Term, 1966.]

*Decided August 3, 1970.*

The cause was submitted on supplemental brief to HAMMOND, C. J., and BARNES, MCWILLIAMS, SINGLEY, SMITH and DIGGES, JJ.

Submitted by *Gerald N. Klauber* for appellant.

No brief filed on behalf of appellee.

PER CURIAM.

In *Jones v. State,* 247 Md. 530, we reviewed and affirmed a judgment and sentence of death for an eighteen-year-old youth for his "bloody and painful, and agonizing rape" on an eleven-year-old girl. The trial judge, who

sat without a jury, found that "there is absolutely no shadow of a doubt as to his guilt." Both written and oral argument on behalf of the appellant were limited to the claim that the death penalty should not have been imposed. We said (pp. 531-532 of 247 Md.) :

> "The appellant does not suggest that the guilty verdict was wrong or unjustified. He urges only that Judge Prendergast abused his discretion in imposing the death penalty because the victim has physically recovered, the defendant is young and the psychiatrist who had examined him on behalf of the State and the psychiatrist he had selected to examine him, although unanimously agreeing that the youth was sane, recommended that the death penalty not be imposed and that confinement at Patuxent Institution be substituted."

After the opinion was filed on October 10, 1967, but before the mandate was issued, the appellant's lawyer filed a motion for rehearing and later a petition seeking leave to file a supplemental brief, alleging in the latter that:

> "at the request of this Court, Counsel again interviewed the Appellant at the Maryland Penitentiary and Appellant stated that, through knowledge received from various individuals at the Maryland Penitentiary and newspaper articles, he desires to have his case and sentence reviewed on legal points other than those submitted in the original brief and argument."

No action was taken on the motion for rehearing; counsel was directed to file a supplemental brief. Many extensions of time to file the brief were granted. Finally, counsel advised the Court that he could find no honest or valid contention to make on behalf of the appellant. We directed him forthwith to brief and submit any contention his client desired to have briefed and submitted. The supplemental brief was then filed on June 22, 1970. In it

the appellant says first that his arrest was illegal, next that his "pretrial rights" were violated because he was not taken before a magistrate or judge for the determination of whether there were reasonable grounds to hold him, and finally that he was denied a speedy trial.

None of these contentions was made at the trial and the record does not offer a fully adequate basis for their determination. The appellant can urge them in a post-conviction proceeding and in that proceeding establish, if he can, a factual base for his claims. However, it does appear that no fruits whatsoever, tangible or intangible, of the arrest played any part in the trial and conviction of appellant. Certainly his conviction, which has never been challenged on the merits, disposes of any claim that he was prejudiced by not having had a preliminary determination that there were reasonable grounds for holding him and sending his case to the Grand Jury. There is no indication that he sought a speedier trial than he had or that he or his defense was prejudiced by any delay in bringing him to trial. We note that he was indicted on November 2, 1965, arraigned on November 10 and tried on April 6, 1966.

We repeat what we said in conclusion in the original opinion (p. 534 of 247 Md.) :

> "The court-appointed counsel for the appellant, who has so conscientiously and diligently sought to protect his client's interests, undoubtedly will find it appropriate to urge upon the Governor who has the power we lack as a basis for commuting the sentence to life imprisonment the various factors he urged upon us, such as the youth of the appellant, the views of the psychiatrists as to his deficiencies of character and emotion and his inability to have a review of sentence, which he would have had if his conviction had occurred several months after it did."

The motion for rehearing is denied. The mandate will issue forthwith.